CHITTENDEN,
January,
1834.

JASPER GRIFFIN, JR. *vs.* AMASA SPAULDING.

A justice has power to adjourn his court to any part of the town in which its original place of sitting has been fixed.

A justice has power to adjourn his court after a jury has been drawn, which the officer is proceeding to summon. And

In this respect, the statute confines the power of the justice to no particular stage of the proceeding.

This was an *audita querela* to set aside an execution issued by a justice of the peace.

On the trial, it appeared that the court was appointed to be held in Jerico, at the house of one Bostwick, on the 27th day of November, A. D. 1832 ; that the parties appeared at the time and place appointed. The complainant prayed for a jury, which was allowed, and a venire issued and was delivered to an officer, summoning a jury to appear forthwith at the place where the court were then sitting.—That while the officer was absent, serving the venire, the justice, without the consent of the parties, adjourned the court to the 15th day of December, A. D. 1832, to be then held at the office of D. A. Smalley, in said Jericho, two or

CHITTENDEN,
January,
1834.

Griffin
vs.
Spaulding.

three miles distant.—That the officer returned with his venire, and the jury appeared; but the court had previously adjourned and left the place : Whereupon, the jury dispersed. On the 15th of December, the court was again opened at the office of said Smalley; the plaintiff appeared, but the defendant not appearing, the justice rendered a judgment by default. The court decided, and so instructed the jury, that the adjournment of the cause in the manner aforesaid was a discontinuance of the suit, and that the subsequent judgment as upon default was irregular and void.

To this decision the defendant excepted, and the cause now comes here for re-examination.

*D. A. Smalley for defendant.*—The justice is, by our statute, made the sole judge of the propriety or impropriety of adjourning any civil cause, and is only restricted in his power to adjourn for a longer period of time than three months.—Stat. 130, sec. 19.

The exercise of this power within the limit mentioned, cannot be the subject of inquiry directly before any other court in the same action, either by an appeal, *certiorari,* writ of error, *audita querela,* or collaterally in any other action before the same or any other court.—2 John. 192.—Bray. R. 28.—1 Vt. R. 491.—1 Aik. 366.—Bray. 28.

In the case of *Wead* vs. *Nutting,* and some other cases alluded to, an *audita querela* was permitted to be used to correct the errors of an inferior court on the ground that the party injured had no other remedy, and to prevent a failure of justice the court would supply a remedy by an *audita.* But this ground of sustaining that writ was expressly overruled in *Dodge* vs. *Hubbell,* and on this decision the legislature passed the act of A. D. 1829, furnishing an ample and complete remedy to the party injured in this and similar cases, without doing violence to the interest of the party in whose favor the judgment is rendered.

An *audita querela* is in the nature of a bill in equity, and lies only in cases where the party obtaining the judgment has been guilty of some fraud or fault.—*Staniford* vs. *Barry,* 1 Aik. 322.—Jacob's Law Dic. 176.

*Briggs, Sawyer & Miner, for complainant.*—1. The com-

CHITTENDEN,
January,
1834.
_____
Griffin
vs.
Spaulding.
plainant contends, that the justice has no right to alter the *place* of trial. He is expressly required by statute to appoint his court in the town where either the plaintiff or defendant lives : the *place* in the town, he may fix at his own convenience ; but having elected *that*, his power stops ; and the parties begin to acquire some rights in relation to the *locus in quo.* That this is the fair construction, seems to result from the fact, that the justice act (sec. 19, p. 130) was necessary to give him power to continue a cause—thus giving him power over *time* but not over *place.*

2. If this were at all doubtful, the vexation and abuse to which the power in question is subject, would be a decisive reason against admitting it. It might be made to deprive a party of a trial by jury, and that, after a jury was empannelled, his witnesses ready, and all the expense incurred. A party might be kept in ignorance of the *place* to which it suited the magistrate to adjourn the cause, and thus be cheated out of his rights ; and from the facts in this case, we have no right to draw any other conclusion.

3. After a cause has been referred to the jury for trial, the magistrate can have no right capriciously and wantonly to take it from them, by thus changing the place of trial.

The opinion of the Court was pronounced by

MATTOCKS, J.—The first question raised in this case is, whether a justice of the peace has power to adjourn a cause to any place other than that set in the writ. The 19th sec. of the justice act says, that every justice of the peace shall have power to adjourn the trial of any civil action brought before him, to such future time as may be proper, not exceeding three months.

It is contended that this section confers the power as to *time*, but being silent as to *place*, the justice has no right to change the place named in the writ. Whether the power of adjourning other than from day to day, *is* incident to all courts of record, is perhaps doubtful ; but as it is essential to the administration of justice, the legislature have conferred this right upon all the courts in the state. The place for the superior courts to sit is some town selected in each county ; and the place for justice suits to be brought and held, is the town where one of the parties

CHITTENDEN,
*January,*
1834.

Griffin
*vs.*
Spaalding.

reside, with certain exceptions: and justice writs are directed to be, as nearly as may be, in the form prescribed by law : And the statute form, it is observable, says, " before me, at ————, on the," &c., leaving but one blank for the place—not two, like the blanks in common use. But from obvious necessity, not only the town, but the place in the town, is always inserted in the writ. This is required by the spirit, and not by the letter of the statute. The practice, it is believed, has uniformly been, to change the place by adjournment, in the discretion of the magistrate, as convenience required ; which, in a question of this sort, is of some weight. And in view of these statutes, of the inherent power of the justice while acting as a court, and the great convenience in the administration of justice, and in some cases to prevent the actual obstruction of it, we are of the opinion that a justice has this power : and if he does not go out of the town in which the suit was brought, with the cause he is acting within his jurisdiction ; and to this extent his court may be considered as ambulatory, like the court of king's bench in former times.

The next question is, whether he had the power to adjourn after the jury were drawn, and the officer was in pursuit to summon them. The statute confines the power to adjourn to no particular stage of the proceeding, and why should it ? The reasons may be as cogent in the progress of the cause, as at its commencement, as it is found in the higher courts, who often continue a cause after the jury are sworn, and sometimes when the testimony is nearly closed. But it is said this would deprive the party of a trial by jury. Not so. For if the defendant had appeared at the time and place to which the cause was continued, he would have been entitled either to the jury first drawn to be again summoned, or a new jury to be there drawn— which, it is not necessary now to decide. Perhaps either might have been good. It is also said that such a power may be used wantonly by a justice. True : So may many of his acknowledged powers ; and it is not perceived that it is more liable to abuse than many other branches of his authority ; and as there is no allegation in the case of improper motives, the same integrity of intent will be presumed in him as in any other court. And it is to be presu-

Griffin
vs.
Spaulding.

med he continued the cause in the presence of the parties, and for some sufficient reason, as there is no suggestion to the contrary. The case only states that he continued the cause without the consent of the parties.

In case of sudden illness, the alarm of fire, or any other interrupting cause, it would not do to say that a case or many cases must be discontinued with the consequent loss to the creditor of property attached, and to both parties of costs already accrued, for the want of power to continue.

We will only add, that if in this, or any analogous case, a party has been deprived of his day in court, the act of 1829 gives an ample remedy.

The judgment of the county court is reversed.