(75 N. W. Rep. 772.)

---

H. W. Cowan *vs*. M. B. Farrell, *et al.*

Opinion filed April 27th, 1898.

**Justice of the Peace—Jurisdiction.**

> A justice of the peace having called a case—the summons therein having been served and the same having been thereafter filed with the justice, with proof of service—the defendants demanded that the papers be produced. The counsel for the plaintiff had them in his possession, and the justice allowed him time to send to his office to procure them, whereupon defendants withdrew from the case. *Held*, that the justice did not lose jurisdiction, and that his judgment subsequently rendered was valid.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by H. W. Cowan against Michael B. Farrell and James Farrell. From a judgment of the District Court reversing a judgment of the justice of the peace in his favor, plaintiff appeals.

Reversed, and judgment of the justice affirmed.

*S. E. Ellsworth*, for appellant.
*Fredrus Baldwin*, for respondents.

Corliss, C. J. The appeal is from a judgment of the District Court reversing a judgment of a Justice's Court. The appeal to the District Court was taken on questions of law alone. The ground on which that court decided the case appears to be that, up to the time of the expiration of one hour after the summons was returnable, the summons, with proof of service, had not been filed with him. The record shows the contrary. The following

entry appears in the justice's docket: "Summons issued in the above case on the 4th day of October, 1895, returnable on the 11th day of October, 1895, at one o'clock, P. M., and returned on the 4th day of October, 1895, personally served on Michael B. Farrell and James Farrell, defendants, by J. J. Eddy, sheriff." There is authority for the proposition that the mere fact that the return of the summons, with proof of service, has not been made at the time the case is called, is not fatal to the jurisdiction of the court. It would seem that it is the service of the process which confers jurisdiction, and it is undisputed that such service had been duly made. See *Lawrence* v. *Howell,* (Iowa) 2 N. W. Rep. 617.

Counsel for defendants seeks to sustain the judgment below on the ground that the justice lost jurisdiction because he refused, on demand of such counsel at the expiration of the hour, to call the case for trial. The record does not sustain his position. It shows that the case was called, and that, after it was called, defendants withdrew from the case, claiming that the justice had lost jurisdiction. It appears that the summons, complaint, and proof of service were in the possession of counsel for the plaintiff. As soon as they were called for by counsel for defendants, plaintiff's counsel sent to his office for them. It was at this time that defendants withdrew from the case. They did so at their peril. The case had been called. They were in court in person, and by their attorney. The summons had been duly served upon them. All they could complain of was the fact that the justice granted the plaintiff a short delay in which to procure and produce the necessary papers, which he thought he had inadvertently left at his office, but which in fact he had in his pocket at the time, though he did not discover the fact until a little later. It is clear that the justice had acquired, and that he never lost, jurisdiction, and the judgment is therefore valid. The judgment of the District Court is reversed, and that court is directed to enter a judgment in favor of the plaintiff and against the defendants for the amount of the judgment of the justice's court, with

interest, together with costs in this court, and in the District Court also. All concur.