(81 N. W. Rep. 39.)

---

### PLANO MANUFACTURING COMPANY *vs.* EDWARD J. STOKKE.

Opinion filed November 4, 1899.

**Justices of the Peace—Jurisdiction.**

> This action arose in a Justice's Court. On the return day named in the summons the case was called, and the defendant appeared in the action by counsel. Plaintiff did not appear upon the return day within the hour allowed for that purpose, or at all. After the expiration of such hour, defendant moved to dismiss the action upon the ground of plaintiff's default and nonappearance. The justice, without ruling upon said motion, adjourned the case upon his own motion. *Held,* that the action of the justice was error. The motion to dismiss should have been granted, under the provisions of section 6705, Rev. Codes. *Held,* further, that all further proceedings had in the action before the justice, after said motion was made, were illegal and without jurisdiction.

Appeal from District Court, Cavalier County; *Sauter, J.*

Action by the Plano Manufacturing Company against Edward J. Stokke, known as Edward Johnson. Judgment for defendant, and plaintiff appeals.

Affirmed.

*J. C. Monnet,* for appellant.

*H. B. Doughty,* for respondent.

WALLIN, J. This action was instituted in a Justice's Court, and judgment was rendered in favor of the plaintiff by that court. From such judgment the defendant appealed to the District Court upon question of law alone, and the District Court, after hearing counsel, entered a judgment dismissing the action without prejudice, and for the defendant's costs. From the judgment of the District Court the plaintiff has appealed to this court.

In disposing of the case, we shall have occasion to refer only to certain of its features. The summons required the defendant to appear before the justice on the 24th day of December, 1897, at 6 o'clock p. m. The docket of the justice shows that his court opened for this case at 6 p. m. on December 24, 1897, and that the defendant appeared by counsel, and after moving to quash the summons upon certain grounds, not now necessary to consider, moved to dismiss the action. The grounds of the motion to dismiss the action, as narrated by the justice in his docket, are as follows: "That no one has appeared in this court, representing the plaintiffs, either by attorney or agent, the time being seven o'clock and seventeen minutes, as appears by standard time, as appears now before this court; and no complaint having been filed, nor any evidence of

indebtedness from the defendant to the plaintiffs," etc. The docket record kept by the justice fails to disclose whether or not a ruling was made on defendant's motion to dismiss. The motion was, however, not granted, and was, in effect, denied, as appears by the entry in the docket next following the motion to dismiss, which is as follows: "Upon the court's own motion, court adjourned until Tuesday, December 28, 1897, at 3 o'clock p. m; the court being otherwise engaged." The next recital in the docket is as follows: "December 28, 1897, at 3 o'clock p. m., court opened. The plaintiff in court by its attorney, J. C. Monnet. The defendant in court by his attorney, H. B. Doughty, who appears specially, and moves to dismiss the action upon the grounds that the court has no jurisdiction. Overruled, and takes exception. Defendant's attorney takes no further part in the case." The docket further shows that the plaintiff then put in its evidence and rested its case, and that no evidence was offered by the defendant. Judgment for the amount claimed was entered in favor of the plaintiff, including costs.

In the notice of appeal to the District Court, it was stated as follows: "That the said appeal is taken upon questions of law arising upon the face of the docket of the said justice of the peace, specifications of which are hereto attached, marked 'Exhibit A,' and made a part of this notice." All the specifications of alleged error, as embodied in Exhibit A, need not be set out. The second specification is in the following language: "That no one has appeared in this court, representing the plaintiff, either by attorney or agent, the time being seven o'clock and seventeen minutes, as appears by standard time, as appears now before the court; and no complaint having been filed, nor any evidence of indebtedness from the defendant to the plaintiff." This specification quotes the language recited in the justice's docket as above narrated, and thus specifically calls attention to the action taken by the justice with respect to the defendant's motion to dismiss the action upon the particular ground stated in this specification. This specification is not challenged as insufficient, and the same is clearly sufficient, under section 1, chapter 7 Laws 1897. The question presented upon this specification of error is whether the justice erred in not granting defendant's motion to dismiss. We are clear that such nonaction was error. This point, in our opinion is governed by statutory provisions which are explicit. Section 6645, Rev. Codes, reads: "The parties are entitled to one hour in which to appear after the time stated in the summons, or any time fixed for further proceedings in the action, and neither party is bound to wait longer for the other." In this case but one party appeared within the hour, viz: the defendant, and this brings the case within the next section (6646), which declares that "if only one or more of the parties appear the case shall not be called until the expiration of the hour." The plaintiff being in default for appearance, and the hour allowed by statute for his appearance having expired, and the court being then in session for the purposes of the action, the defendant, under section 6645, was not "bound to wait

longer." He was therefore in such a position with reference to the action that he could avail himself of the provisions of another section of the Code (section 6705), which is as follows: "Judgment that the action be dismissed without prejudice to another action may be entered with costs to the defendant in the following cases: 2nd. When he (plaintiff) fails to appear at the time specified in the summons or to which the action has been postponed, or within one hour thereafter." As has been seen, the defendant took advantage of his position, and of the plaintiff's default to move, under section 6705, for a judgment of dismissal. He was manifestly entitled to have his motion acted upon and granted then and there. The justice, however, saw fit, of his own motion, to adjourn the case for four days. This matter of the adjournment was, in itself considered, clearly unwarranted by any provision of law. See section 6648, Rev. Codes. But the original error is sufficient to defeat the jurisdiction and invalidate the judgment. All proceedings before the justice, had after the motion to dismiss was made, were wholly without authority of law, and hence voidable by and appeal upon questions of law. Defendant did much more than was necessary to preserve his rights when he appeared upon the adjourn day, and, after entering a special appearance before the justice on that day, moved to dismiss the action upon the ground "that the court had no jurisdiction." This motion being denied, the defendant took "no further part in the case." Hence the record negatives the idea of any consent by defendant to the further proceedings which were had in the action before the justice. Counsel for the plaintiff contends that, where a plaintiff wholly fails to make an appearance on the return day named in the summons, he may nevertheless keep the action alive if he appears within the hour on the adjourned day, in cases where the justice adjourns the case upon his own motion. But the preliminary question is, where the hour named in the summons has elapsed, and the plaintiff has not appeared, whether the defendant, being present, may demand that the action be dismissed on the ground of plaintiff's nonappearance. This question is answered in the affirmative by the very terms of section 6705, supra. It follows, of course, in such cases, that, after the motion to dismiss is made, no adjournment upon any ground or for any reason is legally possible, and consequently there can be no legal adjourned day upon which either party, without the consent of the other, can appear in the action. After such a motion is made, the power of the justice in the action ceases, except for the single purpose of granting the motion and dismissing the action, with costs. Sections 6645, 6705, Rev. Codes, are in harmony with each other and both clearly show that the plaintiff is given an hour for appearance, both on the return day named in the summons and on any adjourned day; but no statute can be found which denies to the defendant the right to move for a dismissal of the action in a case where the plaintiff defaults, and does not appear within the hour upon the day named in the summons, or at any time on said day. This is an absolute

statutory right, and one not abridged by any other statute. This right was denied the defendant in this case, and the justice thereby lost his jurisdiction to proceed further in the action. The judgment of the District Court dismissing the action was therefore properly entered, and hence will be affirmed. All the judges concurring. .
(81 N. W. Rep. 70.)