(82 N. W. Rep. 872.)

---

## C. E. SEARL *vs.* MICHAEL SHANKS.

Opinion filed May 4, 1900.

**Justice of the Peace—Service Within County—Special Appearance—Dismissal.**

In an action commenced in a Justice's Court in the County of Cass, to recover money only, the summons in the action proper was served upon the defendant in the County of Traill. Defendant, appearing specially, moved in the Justice's Court, upon the return day, to dismiss the action for want of jurisdiction over the person of the defendant, and the motion was granted. *Held,* that the action was properly dismissed, inasmuch as the action was not one in which service of a summons could be made outside of the county of the justice.

**Garnishment Does Not Modify the Rule as to Service Within County Where Summons Issued.**

*Held,* further, that there is nothing in the garnishment statute, as found in Rev. Codes 1895, § § 5382-5402, or in chapter 82, Laws 1897, repealing or modifying the provisions of sections 6640, 6641, Rev. Codes 1895, which sections regulate the service of a summons upon the defendant in an action proper instituted in Justice's Court.

**No Second Summons in Garnishment Case.**

*Held,* further, that there is no provision of law which authorizes a justice of the peace in an ordinary action to issue a second summons in a case where the first summons fails to be served in time, nor does the right to do so exist in a case where a garnishment action has been instituted as ancillary to an ordinary action in Justice's Court. The right to apply for a second summons in attachment cases in Justice's Court is limited by the terms of the statute which grants the right.

Appeal from District Court, Cass County; *Pollock,* J.

Action by C. E. Searl against Michael Shanks. The Bank of Grandin was garnished. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Smith Stimmel,* for appellant.

*Wm. J. Clapp,* for respondent.

WALLIN, J. From the record transmitted to this court we gather the following facts: The action originated in a City Justice's Court at the city of Fargo, in the County of Cass, on the 9th day of August, 1899. On that day said city justice of the peace issued a summons in the action proper, and, upon affidavit therefor first duly filed, likewise issued a garnishee summons against said garnishee. The return day named in both summonses was August 19, 1899. Both of the summonses, with said affidavit, were placed in the hands of Charles E. Wilson, Esq., for service; said Wilson then being the sheriff of Cass county. The return indorsed on the original papers, and filed with the justice before the return day, shows that each and all of said papers were served or attempted to be served by said Wilson on the 10th day of August, 1899. The return indorsed on the garnishee summons shows that the sheriff, acting officially, served the garnishee summons and said affidavit upon said garnishee within the County of Cass. It also appears by an affidavit made by said Wilson, and filed with the justice, that he served said affidavit and garnishee summons upon the defendant in the action, and that such service was made in the County of Traill, N. D. A further affidavit shows that said Charles E. Wilson served the summons in the action proper upon said defendant, Michael Shanks, in the County of Traill. Upon the return day the defendant's counsel, having appeared specially for the purpose, moved in defendant's behalf that the action proper be dismissed for the reason that service of process had not been made upon the defendant, and hence that the court had never acquired jurisdiction over the person of the defendant. Pending a decision of said motion to dismiss, counsel for plaintiff moved for the issuance of a second summons in the action proper against the defendant in said action. The city justice granted the motion to dismiss the action, and denied the motion to issue a second summons. From this judgment plaintiff appealed to the District Court upon questions of law alone, and the District Court entered judgment affirming the judgment of the city justice. Plaintiff appeals from said last-mentioned judgment to this court.

The principal question presented for our determination is whether the action proper was lawfully dismissed by the city justice. If the action proper was lawfully dismissed, the garnishment action, which is ancillary to the action proper, would fall with that action. It is likewise true that, if the motion to dismiss the action was based upon sufficient grounds, said motion was properly granted,

despite the fact that plaintiff's counsel made an effort to save the life of the action by asking the justice to issue a second summons in the same action. A second summons cannot lawfully be issued by a justice of the peace in any action after its dismissal, nor in an action which the justice is in duty bound, under the law, to dismiss upon a pending motion for dismissal. That the defendant's motion to dismiss the action was properly granted, we are entirely clear, for the reason that the attempted service of the summons in Traill county upon the defendant was abortive. The statute regulating actions commenced in Justice's Courts, in its policy as well as in its language, does not permit any such service of process to be made in cases such as this. Justices' Courts in this state, both under the constitution and the Justice's Code of the state, are courts of limited jurisdiction. Const. § 112; Rev. Codes 1895, § 6633. The jurisdiction of these courts is limited, not only with respect to the subject-matter of their jurisdiction, but with respect to the amount in controversy, and also with respect to the territory over which their jurisdiction may be exercised and their processes served. In certain classes of cases, which are particularly enumerated in subdivisions numbered 1, 2, and 4 of secion 6633, supra, the summons, when 'issued by a justice of the peace, may be served in any county in the state; but the case under consideration, which is brought to recover a balance due on a board bill, does not fall under either of the subdivisions mentioned. This case manifestly falls under subdivision 3 of said section, which reads as follows: "Every other action must be tried in the county in which the defendant or one of several defendants resides or is served with summons; or in which a warrant of attachment is levied upon property of the defendant, except as provided in the next subdivision." The next subdivision declares that "an action upon a contract stipulating for payment at a particular place may be brought in the county in which such place is situated." Whether the action was or was not instituted in the proper county is a point which has been broached by counsel, but the record does not permit a decisive answer to this question. We are not advised whether the defendant does or does not reside in Cass county, or whether he agreed to pay his board bill at any place in Cass county. We do know, however, that this action is not an attachment action, and that no property in the action has been seized by an attachment proceeding, and hence we are able to state that the venue of the action could not lawfully be laid in Cass county by reason of any levy by attachment on defendant's property in Cass county. There is no pretense of any such levy in the case. But we regard this question as of little practical importance. Whether the defendant does or does not reside in Cass—the action not being one in which defendant's property has been levied upon in Cass county by attachment—is entirely immaterial. Assuming that the locus of the action is proper, there remains the stubborn fact that no service of the summons has been lawfully made upon the defendant. The service is not bad because

it was not served by an officer acting officially, inasmuch as the statute authorizes such service to be made by any person not a party to the action. Rev. Codes 1895, § 6640. The vice of the service consists in the fact that it was attempted to be made outside of the county of the justice, in a case where the statute does not permit such service to be made, but, on the contrary, forbids any such service. See Rev. Codes 1895, § 6641. The case at bar, as has been seen, does not fall within either class of the exceptions named in the section last cited, and hence is one in which service must be made within the county of the justice by whom the summons was issued.

But appellant's counsel very earnestly contends that the statute regulating the subject of garnishment in Justice' Courts, found on page 125 of the Session Laws of 1897 (see, also, Rev. Codes 1899, § 6676a), and all pre-existing provisions of the Code which regulate the service of a summons issued by justices of the peace, have been altered and amended. Counsel contends that the act of 1897, supra, authorizes the service of a garnishee summons and affidavit in any county where the garnishee or the defendant may be found. Under the facts in this case, we do not find it necessary to determine whether this proposition of counsel is or is not legally tenable. The attack upon the jurisdiction of the justice over the person of the defendant is not made upon the ground that the garnishee summons was not served upon defendant in the proper county. For the purposes of this opinion, without deciding the point, it may be assumed that such service was properly made in Traill county. Upon such assumption, counsel, in his brief, uses the following language: "Can it be said that the garnishment summons and affidavit can be served upon the defendant anywhere in the state, and not the summons in the action? What would be the object of serving the defendant with garnishment summons and affidavit, if he could not at the same time be served with the summons in the action?" These queries are such as might with propriety be addressed to the legislative branch of the government, in view of the fact that it is the conceded province of legislation—unless constitutionally restricted—to determine when and where, and by whom, legal process shall be served. The courts nevertheless are bound to observe the mandates of statutes as they find them, whether the same are or are not entirely logical in all their provisions. Turning to the act of 1897, we find nothing whatever in its provisions bearing upon the matter of serving an ordinary summons in an action commenced in a Justice's Court; nor does the general statute regulating garnishment, to which the act of 1897 refers, touch upon that important subject. The original statute creating the remedy by garnishment prescribed the mode of serving a garnishment summons upon both the defendant and the garnishee, but that statute is silent as to the matter of serving the summons in the action proper. It leaves that subject untouched, and strictly relegates the same to other provisions of the Code, which deals with the matter fully and in great

detail. It therefore appears that the matter of serving a summons in an action proper is not dealt with at all, either in the original garnishment statute, or in the act of 1897. This being true, the statutes we have cited, regulating the service of a summons in Justice's Court, must control, and, tested by such statutes, the attempted service of the summons in this action was wholly unavailing.

Again, counsel contend that the justice erred in denying plaintiff's application for a second summons in the action proper. As far as we understand counsel, his contention on this point is that the remedy by garnishment is the same in its essence as that of attachment, and that, if this were an action in which an attachment had issued and been levied in Cass county upon defendant's property, the plaintiff, under the terms of the statute governing attachment proceedings in Justice's Court, would be entitled to a second summons. We regard this contention as wholly untenable. It is true that many points of resemblance may be found between these two provisional remedies, but under the Code of this state the procedure laid down is widely different, respectively, in each from that prescribed for the other. There is no pretense of an attachment proceeding or levy by attchment in this case, and hence special provisions of law found only in the remedy by attachment can have no governing force in this action, or in the ancillary action herein. Our conclusion is that the judgment of the trial court must be affirmed. All the judges concurring.