(95 N. W. Rep. 446.)

---

## LYMAN-ELIEL DRUG CO. *v.* COOKE.

Opinion filed May 27, 1903.

**Postponement in Justice Court—Objections Specifically Stated.**

> 1. On an appeal to the district court from a judgment of a justice of the peace, alleged to have been rendered without jurisdiction, a party will not be allowed to avail himself of a loss of jurisdiction by reason of the alleged insufficiency of an affidavit for a postponement unless such insufficiency was specifically pointed out to the justice in an objection to the postponement. A general objection to the postponement is not sufficient.

**On Appeal, Failure to File Bond Must Be First Objected to in Justice Court.**

> 2. On such an appeal, the party appealing cannot avail himself in the district court of the fact that no undertaking was furnished under section 6651, Rev. Codes 1899, when this fact was in no way brought to the attention of the justice.

**Postponement Pending Trial.**

> 3. A justice of the peace has authority, under section 6650, Rev. Codes 1899, to grant a postponement of the trial after it has commenced, upon a satisfactory showing of the necessity therefor, on account of matters arising or coming to the applicant's knowledge since the trial commenced.

**Authority to Postpone Exists Only by Statute in Justice Court.**

> 4. A justice of the peace has no jurisdiction or power to grant a continuance unless authority therefor is given him by statute, as a justice court is one of limited jurisdiction.

Appeal from District Court, Wells County; *S. L. Glaspell,* J.

Action by Lyman-Eliel Drug Company against W. E. Cooke. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Hanchett & Wartner,* for appellant.

The court of a justice of the peace, being of limited jurisdiction, can acquire, and hold jurisdiction, only in the manner prescribed by statute. *Phelps* v. *McCollom,* 10 N. D. 536, 81 N. W. Rep. 292;

*Sluga* v. *Walker,* 9 N. D. 108, 81 N. W. Rep. 282; *May* v. *Grawert,* 90 N. W. Rep. 383; *Hagen* v. *Johnson,* 86 N. W. Rep. 143.

*Otto Grethen,* for respondent.

An objection must state the grounds thereof, and point them out specifically that they may be corrected. 8 Enc. Pl. & Pr. 163. Exceptions must be taken at the time of the ruling; if not so taken are waived. Ibid, 165, 166. Appellant failed to give specific reasons for his objections and exceptions in the justice court, and could not make good this defect, in his notice of appeal, or his specification of errors on appeal, in either the district or supreme court. "Appellant is very prodigal of his specification of errors since the case left the justice court. But he should have begun to specify earlier." Abbot's Trial Brief, 259, and cases cited. Failure to specify is fatal to review, and exception must be taken and noted at the time of the ruling. Ibid 271, 272, 8 Enc. Pl. & Pr. 165; *Parker* v. *Waycross & F. R. Co.,* 81 Ga. 387, 8 S. E. Rep. 871; *Jordan* v. *Kavanaugh,* 63 Iowa 152, 18 N. W. Rep. 151. Appellant hangs his case on a comma. "The punctuation marks in the published copies of an act are not allowed to control, enlarge or restrict the plain and evident meaning of the legislature as disclosed by the language employed." Black on Interpretation of Laws, 185. The court will punctuate, or disregard punctuation, as may be necessary. *Union Refrig. Transit Co.* v. *Lynch,* 18 Utah 378, 55 Pac. 639. Punctuation marks do not control the words of a contract, but are controlled by it. *Holmes* v. *Phoenix Ins. Co.,* 98 Fed. 240, 47 L. R. A. 308; *Lessee of Ewing* v. *Burnet,* 11 Pet. 41, 9 L. Ed. 624.

MORGAN, J. This action was commenced in justice's court. During the trial before the justice without a jury, and after depositions had been read as evidence, and after the defendant had been called by the plaintiff as a witness in its behalf, and during defendant's examination as such witness, the plaintiff moved for a continuance for the purpose of procuring further testimony which it deemed material. In support of the motion to postpone the trial, the affidavit of plaintiff's attorney was presented and read, and a continuance was granted from November 27th to December 18th. The defendant reserved an exception to this ruling. On December 18th, the date to which the trial was postponed, defendant appeared specially, and moved "to dismiss the action on the ground that by the continuance of this action heretofore the court has lost jurisdiction." This motion was denied. The defendant did not thereafter participate

in the trial. The plaintiff introduced further evidence, and moved for judgment, which was granted in plaintiff's favor, and against the defendant, for the sum of $155.66, damages and costs. The defendant appealed to the district court from the judgment on questions of law alone. In his notice of appeal to that court, he specifies the errors relied on for a reversal of the judgment appealed from, as follows: "(1) The justice erred to postpone said trial for more than twenty-four hours after the trial had begun, and a witness had been sworn and testified, upon the application of the plaintiff, and against the objection of the defendant, from November 27 to December 18, 1900. (2) The justice erred to deny defendant's motion to dismiss the action on December 18, 1900, under the special appearance, on the ground that the court lost jurisdiction by continuing said action for more than twenty-four hours after the trial commenced, against objection of defendant. (3) The justice erred in entering judgment on December 18, 1900, after having lost jurisdiction, in favor of plaintiff, and to which defendant excepted." The district court affirmed the judgment of the justice of the peace. The appeal to this court is from the judgment entered in the district court.

In this court appellant specifies the same errors specified on his appeal to the district court, and adds two specifications to the effect that the district court erred in entering a judgment affirming the judgment of the justice of the peace, for the reason that such judgment was void for want of jurisdiction, because the case was postponed by said justice from November 27th to December 18th without any proper showing, and without any bond having been given as security for costs. The specifications in this court are that the district court erred in affirming the judgment of the justice of the peace, because the justice of the peace lost jurisdiction of the case for the reasons, first, that he had in no event power to postpone the case from November 27th to December 18th; second, that the affidavit on which the continuance was granted was insufficient, in not showing diligence to procure the testimony desired; third, that such continuance was granted without the plaintiff furnishing the undertaking for costs provided for by section 6651, Rev. Codes 1899. Neither of the two last grounds of objection to the action of the justice was mentioned by the appellant, either in the notice of appeal, or before the justice at the trial. When the motion for the continuance was made in justice court, and the affidavit was produced

and read, the attorneys argued the motion. The justice denied the motion, and the justice's docket shows the following entry after the decision: "To which defendant excepts and objects." Until after this ruling, the docket does not show that any specific objections were made to the sufficiency of the affidavit to warrant a postponement, or that an undertaking was required by statute to be given on continuances or postponements granted for more than five days. The justice's attention was not called at any stage of the proceedings to the fact that the application could not, as claimed by the defendant, be allowed under any circumstances without an undertaking for costs, or to the fact that the affidavit was defective, as not showing due diligence in procuring the evidence desired before the trial commenced. Compliance with the requirement that an undertaking must be given could undoubtedly have been made, and the affidavit could have been amended or substituted by another so that the claimed defects would not exist. By not specifying these two alleged grounds of objection to the application when made, defendant must be deemed to have waived them. On appeals to the district court on questions of law alone, under section 6771a, Rev. Codes 1899, the appellant is required to specify in his notice of appeal the errors of law complained of, and such specifications must intelligibly refer to the ruling or proceeding complained of, and the district court shall "review and determine only such errors in law as are specified with reasonable certainty in the notice of appeal." The most that can be claimed under the specifications in the notice of appeal is that the justice lost jurisdiction by the adjournment from November 27th to December 18th. This is not a specification of any fact, except that jurisdiction was lost, and the reason why lost, viz., that an adjournment for more than twenty-four hours was allowed. It is true that the reasons for the objections specified on the notice of appeal need not be given, but this is mentioned as showing that, when the continuance was objected to after the ruling in justice court, the defendant did not have in his mind the making of the objection on any ground save the single one that no power was given to the justice under any circumstances to grant a postponement for more than twenty-four hours after a trial had commenced. The defendant not having raised the question of the insufficiency of the affidavit in justice court, and not having raised the question that no undertaking was furnished, we hold that such questions cannot be raised in the district court for the first time. Enc. Pl. & Pr. vol. 8, p. 163.

On the assumption that the defendant was entitled to raise the question of the jurisdiction of the justice to enter the judgment, as having been raised before the justice and in the district court by an objection such as was made after the ruling and the specification in the notice of appeal, we will consider the question whether the justice of the peace can legally, under any circumstances, postpone the trial for more than twenty-four hours after it has been commenced. This depends, in part, upon the construction to be given to section 6683, Rev. Codes 1899, which is as follows: "Subject to the provisions of article 2 of this chapter, the trial must commence as soon as the issues are joined or as soon as the jury is empaneled, and continue until concluded without an intermission for more than twenty-four hours at any one time. * * *" On the construction of this section, the appellant claims as follows: "We think from the reading of this section, and the position in which it is placed in the Code, as well as its punctuation, it is too clear to admit of doubt that its clause which provides that, when the trial has been commenced, it shall 'continue until concluded without an intermission for more than twenty-four hours at any one time,' is absolute, and is not modified or qualified in any respect by the first part of the first clause of the section, which relates to and qualifies only the provision as to the time of the commencement of the trial." In other words, the appellant disconnects the parts of the section providing when the trial shall commence and the parts providing that it shall continue until concluded, as absolutely as though these provisions were enacted in separate sentences, sections, or even chapters. From our reading and consideration of the section, in connection with other sections of the justices' code, we arrive at the opposite conclusion. The word "trial" has for its predicate the verbs "commence" and "continue," each in parts of the sentence claimed to be disconnected. We do not understand that this section provides that, after the trial has commenced, it must continue until concluded, without reference to the provision of article 2.

As section 6683, Rev. Codes 1899, does not prohibit a postponement of a trial, providing article 2 authorizes such postponement after the trial has commenced, it remains to be determined whether article 2 contains authority for such postponement after the trial has commenced. In our judgment, section 6650, Rev. Codes 1899, is authority for such postponement, upon cause shown, after the trial has commenced. This section, so far as material, reads as follows:

"The trial may be postponed upon the application of either party for a period not exceeding sixty days: (1) The party making the application must prove by his own oath or otherwise, that he cannot. for want of material testimony, which he expects to procure, safely proceed to trial and must show in what respect the testimony expected is material and that he has used due diligence to procure it. and has been unable to do so." Unless this section authorizes a postponement after the commencement of the trial, a justice has no authority to allow such postponement, as he has only such powers. in reference to granting postponements as the statute confers upon him. It is clear from a reading of this section that the justice is. given authority, in general terms, to postpone the trial of a cause: for a period not exceeding sixty days. This language in no way indicates at what stage of the case such postponement may be granted. It does not specify that the application must be made before the trial commences, nor does it say that it may be made after the trial has commenced. The time when the application may be made is not specified in this section of the statute which authorizes the postponement. It is argued that it must necessarily refer to the time before the commencement of the action, for the reason that. the subsequent part of this section, prescribing what the affidavit for the continuance must set forth, contains the sentence, "That he cannot * * * safely proceed to trial." The reasoning advanced by appellant is that, if it was intended to authorize a postponement after trial commenced, the language would have been, "proceed to" or "with the trial." We cannot concur in this contention. If a postponement is granted under section 6650 after the trial commences,. the trial stops. All proceedings on the trial, except as to depositions taken or to be taken, go down. The trial is then a matter for the future. A postponement under section 6650 is to be distinguished in this respect from an intermission under section 6683. When considered in this light, the language of the statute in using the words "proceed to" is not inconsistent with the postponement in the middle of a trial. The trial is postponed, if done after the trial commences, in the same sense as if done before trial commences.. The construction contended for seems to us too narrow and technical, and does violence to the general language of this section, authorizing a continuance of the trial. The object of authorizing a postponement is to enable parties to procure necessary evidence and prepare for the trial, in order that the court may do justice to

the parties after consideration of all the evidence. Such a reason for the postponement may occur in the midst of a trial, and be ·equally as meritorious and free from laches as in other cases justifying a continuance before the trial commences. If the application is founded on matters known to the applicant when the trial commenced, it should be denied because not made sooner. In such a ·case the application would come too late. A stricter scrutiny of the .application would be required when made after the trial commences than when made before. We think that a fair construction of all ·of section 6650, taken together, must lead to the conclusion that it authorizes a postponement during the progress of the trial, upon good cause shown, upon grounds arising since the trial began, or coming to the applicant's knowledge since, and which could not, with diligence, have been ascertained before. No authorities are cited for or against this construction, upon similar statutes. We have examined the early cases in New York and New Jersey holding that a justice has no power to grant a continuance after the trial has commenced, but these cases throw no light on the subject. None of them is based upon similar statutes, and they are therefore not in point, as we expressly place our decision upon the ground that the statute confers power to postpone the cause after the trial has commenced. A case very nearly in point is the case of *Griffin* v. *Spaulding*, 6 Vt. 60. In that case the court says: "The statute ·confines the power to adjourn to no particular stage of the proceedings, and why should it? The reasons may be as cogent in the progress of the cause as at its commencement, as it is found in the higher courts, who often continue a cause after the jury are sworn, .and sometimes when the testimony is nearly closed." The Vermont statute then in force is not in force now, but, from the reading ·of the opinion, it is evident that it authorized the justice to postpone a cause, and like ours, did not expressly state that it must be before the trial commenced, or that it could be done after the trial commenced. As further sustaining our construction of section 6683 and section 6650, Rev. Codes 1899, we consider that section 6666 upholds the construction given by us to these sections. That section provides that either party may be allowed to amend his pleadings at any time before the conclusion of the trial, if substantial justice will be promoted thereby, and that, if it appears to the satisfaction of the court ·that the amendment will necessitate a postponement, the amendment .shall not be allowed, except on payment of costs by the applicant.

All of the above sections were enacted at the same time, and to hold that section 6683 forbids a continuance in all cases after the trial has commenced would be to construe it as repealing or nullifying section 6666 altogether. By construing these sections as we do, effect is given to each, without a conflict with the others. To hold that justices are not warranted in any case to grant continuances after the trial has commenced would undoubtedly often lead to abuses and hardships, and such must have been in the legislative mind when these sections of the justices' code were enacted.

The judgment of the district court is affirmed. All concur.