(100 N. W. 1088.)

---

STATE OF NORTH DAKOTA v. LESLIE R. CARROLL.

Opinion filed October 7, 1904.

**Bastardy — Filing of Transcript of Justice Proceedings and Jurisdictional Papers Gives District Court Jurisdiction.**

1. The jurisdiction of the district court over the person of the defendant and the subject-matter in bastardy proceedings is complete when the transcript of the proceedings before the justice and the jurisdictional papers filed with the justice are lodged with the clerk of the district court.

**When Defendant Furnished to Magistrate Approved Bail, a Formal Order of Commitment Was Unnecessary.**

2. In such proceedings, when the defendant furnishes bail, approved by the magistrate under section 7842, Rev. Codes 1899, it is not necessary that the magistrate's transcript of proceedings should show any formal order or judgment holding the defendant for trial.

**Affidavit Upon Information and Belief Without Disclosing Grounds Thereof, Is Insufficient in Motion for Continuance.**

3. An affidavit for continuance on the ground of the absence of a material witness, which states that the affiant is informed and believes that the absent witness can and will testify to certain facts, but fails to disclose the sources of information or the grounds for such belief, is insufficient.

Appeal from District Court, Ward county; L. J. Palda, Jr. J. Leslie R. Carroll was convicted of bastardy, and appeals. Affirmed.

*Le Sueur & Bradford,* for appellant.

Where a continuance is asked on the ground of absence of witnesses, and there is a showing of due diligence and that the testimony can be procured for a later date, it is abuse of discretion to refuse

such continuance.　Adams v. Grand Island & W. C. R. Co., 72 N. W. 577.

A bastardy proceeding is one under a special statute for a forfeiture or fine sued for in the name of the state for the benefit of a private individual.　It should be strictly construed and the statutory method strictly followed to permit a recovery.　The justice did not sign his docket.　Unless a judgment in writing be made remanding the defendant, and an order of commitment given to the sheriff, unless bail is furnished pursuant to a written order requiring it, the doings of a justice are a nullity.　No order being made requiring bail, the defendant was not required to give it, and the fact that he did so does not confer jurisdiction upon the district court, such jurisdiction is acquired only by a compliance with section 7842, Rev. Codes 1899.

*James Johnson,* State's Attorney of Ward county, for respondent.

The complaint and warrant in bastardy complied with the statute; the arrest and arraignment of defendant before the justice thereunder gave jurisdiction to the justice court of the person of the defendant.　He then and there furnished bail for his appearance before the district court, whereupon his undertaking and the complaint, warrant and all papers in the case were transmitted by the justice to the district court, followed by the due appearance of the action upon the calendar of this court.　This conferred jurisdiction of the person of defendant and full power to proceed according to law, and the motion to dismiss was properly overruled.

Defendant's affidavit states the person named therein had stated that he had had sexual intercourse with the prosecutrix, and that she had told that a person, other than the defendant, was the father of her child.　More than ten months had elapsed since such conversation or alleged intercourse, and the testimony was immaterial. No diligence is shown in procuring the evidence, and no fact stated that was material.　Motion for a continuance was properly overruled.

ENGERUD, J.　This is an appeal by defendant from a judgment rendered against him in bastardy proceedings.　The appellant contends that the judgment should be reversed and the proceedings dismissed because the district court had no jurisdiction, or, if the objection to the jurisdiction is not well taken, a new trial should be

ordered because the trial court erred in denying defendant's motion for a continuance.

The record discloses that a complaint in statutory form was presented to the justice, showing that the defendant was the father of the complaining witness' bastard child; that a warrant in due form was thereupon issued, by virtue of which warrant the defendant was apprehended and brought before the magistrate; that the defendant then furnished an undertaking for his appearance in district court to answer the complaint, which undertaking was accepted by the justice, and defendant released from custody. All the original papers, properly identified, together with a certified transcript of his proceedings, were transmitted by the justice to the district court. The proceeding was placed on the calendar for trial at the next term, and when the case was reached for trial the defendant appeared by counsel, and moved to dismiss the proceeding on the ground that the trial court had not acquired jurisdiction. The specific objection to the jurisdiction urged by defendant's counsel here and in the trial court is that the justice's transcript of his proceedings affirmatively shows that the justice had made no order or judgment holding the defendant to appear for trial in the district court.

The objection is without merit. The justice's transcript is in proper form. It is addressed to the clerk of the district court of Ward county, and purports to set forth all proceedings, and to have annexed thereto all papers filed in the case of the State of North Dakota against Leslie R. Carroll, before John W. Crow, justice of the peace of Ward county, and bears the signature of said justice. It contains "a full, true and correct copy of all docket entries." These entries, after showing the making and filing of the complaint and the issuance of the warrant, read as follows: "Said defendant, Leslie R. Carroll, was placed under arrest and brought before me and was placed under $500 bonds to appear from time to time before the district court until his case is disposed of." The transcript is verified by an affidavit subscribed by the justice and sworn to before a notary public. The original complaint, warrant and undertaking are attached to the transcript. Appellant asserts that the fact that the name of the justice does not appear below the docket entries on the transcript demonstrates that the justice did not sign the page or pages of the original docket on which these entries appear. Hence the conclusion is deduced that

there was no order or judgment by the justice admitting the defendant to bail, because such order or judgment could only be made in writing entered on the docket and signed by the justice. Our attention has not been called to any statute or rule of law which requires the justice in a bastardy proceeding to attach his signature to the docket entries. Section 7843, Rev. Codes 1899, requires the magistrate to transmit to the district court the undertaking given by the defendant and all the other papers in the case, "together with a transcript of his [the magistrate's] proceedings." The statute does not require the justice to transmit an exact reproduction of the page or pages of his docket on which the entries appear. A copy of the docket entries showing the proceedings had is sufficient.. When the defendant is brought before the magistrate in a bastardy proceeding, the defendant's rights and the magistrate's powers and duties are prescribed by section 7842, Rev. Codes 1899. The only right on the part of the defendant is to furnish bail acceptable to the magistrate. The sole power and duty of the magistrate is to admit the defendant to bail, or commit him to custody in default of bail, to await trial in the district court. In this case the record shows that the defendant furnshed bail satisfactory to the magistrate. The bail bond itself, as well as the transcript of the proceedings before the justice, show that the bail furnished was satisfactory to the magistrate, both in amount and sufficiency of sureties. The defendant having availed himself of his right to furnish satisfactory bail, there was no order, finding or judgment required of the magistrate except to approve the undertaking. The district court acquired complete jurisdiction over the person of the defendant and the subject-matter of the proceeding when the transcript and accompanying papers were filed with the clerk, and therefore the objection to the jurisdiction was properly denied.

On the day before the trial the defendant applied for a continuance on account of the absence of an alleged witness. The trial court denied the motion, and we think the ruling was eminently right. The only showing in support of the motion was the uncorroborated affidavit of the defendant, in which he stated that he was "informed and believed" that the absent witness could and would give certain testimony. The sources of the affiant's information and the grounds for his belief are not disclosed. The testimony of the absent witness would incriminate the witness himself, and, even if the witness waived his privilege ,and his testimony were fully

credited, it would only tend to lessen the weight and credibility of the evidence for the prosecution.

The judgment appealed from is affirmed.   All concur.