This is an appeal from an order sustaining a demurrer to the complaint. The action was brought to recover upon a promissory note, executed by the defendants, M.O. Wallum and Clara Wallum, his wife, to the plaintiffs, Aarestad Bros. and Troseth; and a promissory note executed by the defendant, M.O. Wallum to the Farmers State Bank of Hannaford; and to foreclose a chattel mortgage executed by the defendant, M.O. Wallum, to secure the payment of both said notes. The defendants demurred to the complaint on the grounds: —
(1) That there is a defect of parties plaintiff.
(2) That there is a defect of parties defendant.
(3) That several causes of action have been improperly united.
The action was brought in the district court of Griggs county. The demurrer was noticed for argument before one of the judges of the first judicial district at chambers in Fargo, Cass county. Upon the hearing in the district court, plaintiffs' counsel made special appearance and objected to the hearing at that time and place on the ground, among others, that no notice of trial of the issue of law had been given as required by law. The objection was overruled. Plaintiffs' counsel took no further part. The trial court, however, proceeded with the *Page 927 
hearing and entered an order sustaining the demurrer and plaintiffs have appealed.
(1) The first question presented is the sufficiency of the notice of the hearing. This question involves a construction of §§ 7609 and 7610, Compiled Laws of 1913. These sections, so far as pertinent here, read:
"Section 7609. All issues of fact triable by a jury or by the court must be tried before a single judge. Issues of fact must be tried at a regular term of the district court, when the trial is by jury, otherwise at a regular or special term as the court may by its rules prescribe. Issues of law must be tried at a regular or special term of the district court, or by the court in vacation, or judge at chambers. If by the court in vacation, or judge at chambers, the same may be heard, tried and determined in any county of the district within which the action is brought, and judgment thereon entered in the proper county upon the giving by either or any party of the notice prescribed by § 7610; but in such case no note of issue need be filed, and any judgment, final decision or actual determination made upon such trial and hearing may be appealed from in the same manner and subject to the same rules and provisions as in cases of other appeals from actual determinations and final decisions of any regular or special terms of the district courts of this state."
"Section 7610. At any time after issue and at least ten days before the court, either party may give notice of trial. . . ."
It is admitted that ten days' notice was not given of the argument of the demurrer. Respondent's counsel, however, contend that ten days' notice was not necessary; that the argument of a demurrer is not a trial of an issue of law within the purview of §§ 6709 and 6710 supra. In our opinion, that contention is not well founded and is contrary to the provisions of §§ 7604 and 7607 Comp. Laws 1913. These sections read:
Section 7604. "An issue of law arises upon a demurrer to the complaint, answer or reply or to some part thereof."
Section 7607. "A trial is the judicial examination of the issues between the parties whether they are issues of law or of fact."
Cyc. (31 Cyc. 671) says: "An issue of law ordinarily arises upon *Page 928 
a demurrer." See also Hart Lumber Co. v. Rucker, 17 Wn. 600, 50 P. 484.
The submission to the court for determination of an issue of law raised by a demurrer, is a "trial" within the purview of our statutes. Walker v. Maronda, 15 N.D. 63, 106 N.W. 296.
Inasmuch as the statute expressly requires that ten days' notice be given of the trial of an issue of law presented by a demurrer to a complaint, the courts have no option; they must give effect to the law as announced in the statute and it is error to compel a party to go to trial of such issue, over objection seasonably made, when the required notice has not been given. Oswald v. Moran, 9 N.D. 170, 82 N.W. 741. It follows that plaintiffs' objection to hearing of the argument of the demurrer on the ground that sufficient notice of such argument had not been given should have been sustained.
(2) We are also of the opinion that the order appealed from is erroneous for another reason. While the complaint is by no means a model pleading, it does allege that the defendants, M.O. Wallum and Clara Wallum, his wife, on December 1, 1921, for value, executed and delivered to the plaintiffs, Aarestad Bros. and Troseth, a certain promissory note in writing, in the sum of $1,195.72, payable September 1, 1922; that certain payments have been made on the note leaving due thereon the sum of $1,252.12, and that said plaintiffs, Aarestad Bros. and Troseth are the present owners and holders of said note; that on April 26, 1922, the defendant, M.O. Wallum, for value, executed and delivered to the Farmers State Bank of Hannaford his promissory note in writing in the sum of $4,421.86, payable January 1, 1923; that on November 24, 1924, said defendant, M.O. Wallum, executed and delivered to said Farmers State Bank of Hannaford a renewal of said note in the sum of $4,421.86, payable on or before November 15, 1925; that no part of said note has been paid and that there is due and owing thereon the sum of $5,182.26; that the plaintiff, L.R. Baird, is the duly appointed, qualified, and acting receiver of the Farmers State Bank of Hannaford and, as such receiver, is the owner and holder of said notes; that no action or proceeding at law has been had for the recovery of the debt secured by said mortgage or any part thereof. That to secure both the note executed by M.O. Wallum and Clara Wallum, his wife, to the plaintiffs, Aarestad Bros. and Troseth, and *Page 929 
the note executed by the defendant, M.O. Wallum, to the Farmers State Bank of Hannaford, the said defendant, M.O. Wallum, did, on September 29, 1922, execute and deliver a certain chattel mortgage, a copy of which is attached to and made a part of the complaint and which mortgage has subsequently been renewed. The copy of the chattel mortgage, which is attached to the complaint, names both Aarestad Bros. and Troseth and the Farmers State Bank of Hannaford as mortgagees, and purports to secure the payment of one note for $4,421.86, dated April 26, 1922, due on or before January 1, 1923.
We are wholly agreed that the complaint is not vulnerable on any of the grounds stated in the demurrer. While there is authority to the effect that the holders of two or more separate notes, secured by one mortgage, cannot unite as coplaintiffs in an action to foreclose such mortgage (Rankin v. Major, 9 Iowa, 297), this very authority supports the rule that the holder of any one of such notes may bring an action to foreclose the mortgage and make the holders of the other notes defendants in such action, with the result that such defendants may, by appropriate pleading, claim, and through the judgment rendered, secure whatever relief the facts show them to be entitled to receive. In discussing the rule thus announced, a noted legal writer has said:
"It must be confessed this is a sacrifice of substance to form. If the assignee may have affirmative relief as a defendant, it is difficult to see any substantial reason why he should not be permitted to join as plaintiff in the first instance." (Pom. Code Rem. 3d ed. p. 413, note, 1.) We agree with Pomeroy. We believe that the rule having the support of both the better reason and the greater authority is that the several holders of claims, secured by the same mortgage, may join as co-plaintiffs in an action to foreclose the mortgage. See 27 Cyc. 1569; 5 Standard, Proc. 67; 19 R.C.L. p. 526.
It follows, from what has been said, that the complaint is not demurrable upon any one of the three grounds set forth in the demurrer. The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
BIRDZELL, Ch. J., and NUESSLE, BURKE, and BURR, JJ., concur. *Page 930