(104 N. W. 845.)

---

MARY WEISBECKER v. JOHN CAHN.

Opinion filed June 22, 1905.

**Execution — Time of Issuance.**

> 1. Under section 5500, Rev. Codes 1899, providing that a judgment may be enforced by execution at any time within ten years after its entry, a judgment cannot be properly enforced by execution issued after said time, although the judgment debtor has been continually absent from the state during said time, and the judgment remains in force for that reason.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Mary Weisbecker against John Cahn. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Barnett & Richardson,* for appellant.

That judgment debtors have property within the state subject to levy does not operate to continue the running of the statute of limitations during his absence from the state. 55 Ky. 554; 66 Cal. 202; Richards v. Continental Ins. Co., 47 N. W. 350; 36 N. Y. App. Div. 473; 37 Iowa, 570; 51 Kan. 341; 43 Miss. 212; 78 Tex. 278; Robertson v. Stuhlmiller et al., 61 N. W. 986; 49 Iowa, 282; 28 So. 751, 34 S. W. 606, pp. 234-235.

Statute of limitations does not run against a judgment while judgment debtor is absent from the state. Osborne v. Lindstrom, 9 N. D. 5, 46 L. R. A. 715, 81 N. W. 72.

Time of a judgment debtor's absence from the state must be deducted in determining how long a statute has run against a judgment. Sheldon v. Barlow et al., 66 N. W. 338; Hathaway v. Meads et al., 4 Pac. 519; Weiser v. McDowell, 61 N. W. 1094;

Casady v. Grimmelman et al., 77 N. W. 1067; Ross et al. v. Duval et al., 13 Peters (U. S.) 45, 10 L. Ed. 50, 63 Mass. 527.

While time to sue on judgment may not be barred, by absence of debtor, time to issue execution may.  Buttam v. Link Jord, 61 S. W. 1000.

*Spalding & Stambaugh,* for respondents.

Section 5210, Rev. Codes 1899, applies to actions only, and in no way applies to the ten-year period in which an execution may issue.  Merchants National Bank of Bismarck v. Braithewaite, 7 N. D. 358, 75 N. W. 244.

The right to issue an execution is in no way dependent upon or affected by the statute of limitations.  Ruth v. Wells et al., 83 N. W. 568.

MORGAN, C. J.  This appeal is from an order denying an application to set aside a default judgment and for leave to interpose an answer.  The application may be deemed regular in every respect for the purposes of this appeal.  The trial court denied the application solely upon the ground that the proposed answer does not set forth facts sufficient to constitute a defense to the cause of action pleaded in the complaint.  The complaint states a cause of action for determining adverse claims to certain real estate and its allegations conform strictly to those required in such actions by chapter 5 of the Laws of 1901.  The defendant's proposed answer sets forth the following facts: That the state of North Dakota recovered a judgment against one William Wilkens on the 3d day of March, A. D. 1892, and that the same was regularly filed, entered and docketed on that day; that said Wilkens removed from the state on or about said 3d day of March, 1892, and has continuously remained absent from this state ever since, and is now a resident of the state of Wisconsin, and has never paid said judgment; that on the 28th day of October, 1903, the state of North Dakota, by its proper officers, caused an execution to be issued on said judgment, and that pursuant to such execution the sheriff of Cass county levied upon the real estate involved in this action, and regularly sold the same to the defendant, and issued to him a certificate of the sale thereof to him on the 19th day of March, 1904; that said sale was confirmed by the district court, and was regularly made in all respects; that on the 17th day of June, 1904, the plaintiff caused to be filed and recorded in

the office of the register of deeds of Cass county a deed of said land from said Wilkens to her, and now claims to be the owner of the same by virtue of said deed.

The question which will determine the merits of this appeal is whether a sale of real property is valid when made under an execution issued · after ten years from the entry of judgment. Actions based on judgments are barred at the expiration of ten years after a cause of action has accrued thereon. Section 5200, Rev. Codes 1899. The absence of the judgment debtor from the state is conceded by the respondent to stop the running of the statute of limitations upon the judgment, and that section 5210, Rev. Codes 1899, providing that the time during which a person is absent from the state after a cause of action shall have accrued against him, the time of his absence, if for one year or more, shall not be deemed or taken as any part of the time limited for the commencement of an action on such cause of action, is applicable to causes of action arising on judgments. This being the fact, it follows that when the execution in this case was issued and the sale made thereunder the judgment was in full force and effect as a cause of action. What was the effect of issuing an execution on said judgment ten years after its rendition? Section 5500, Rev. Codes 1899, provides as follows: "The party in whose favor judgment has been given, and in case of his death his personal representatives duly appointed, may at any time within ten years after the entry of judgment proceed to enforce the same by execution as provided in this chapter." Appellants contend that, the judgment having been kept alive by virtue of the debtor's absence from the state, the right to enforce the same by execution was extended notwithstanding section 5500, supra. We cannot agree to this contention. There is no connection between section 5210 and section 5500. They apply to different matters, and neither one controls or affects the other. The issuing of an execution is, like the continuing of the lien of a judgment, controlled by the statute. There is nothing relating to an execution or the issuing of the same that is controled by section 5210. That section pertains only to actions or causes of action. An execution is not a cause of action. It pertains to the enforcement of the lien of a judgment. The terms of section 5500 are explicit. Its construction, as contended for by appellant, would make it necessary to read into it certain exceptions or provisos. This is not permissible. We have nothing to do with the policy of this section. Its language is plain

and unambiguous. It limits the time during which an execution may issue on a judgment to ten years after its entry. Its language will not uphold the construction that the right to enforce the judgment by execution continues after ten years if the debtor has become a nonresident or been absent from the state during more than one year during the ten years. The right to an execution under that section does not continue while the judgment remains in force as a cause of action. Under the facts of this case that right terminated in ten years from the entry of the judgment. The absence of the defendant did not prevent the judgment creditor from issuing an execution before the ten years expired. Under the common law an execution must issue within a year and a day of the entry of the judgment. The creditor was strictly held to that limitation, and, if he failed to issue execution during that time, he lost his right to an execution, and must resort to an action on the judgment, except in certain cases not material on this appeal. Freeman on Executions (3d Ed.) section 27. The case of Merchants' National Bank v. Braithwaite, 7 N. D. 358, 75 N. W. 244, 66 Am. St. Rep. 653, in effect is decisive of this case.

Appellant strongly relies on Brittain v. Lankford (Ky.) 61 S. W. 1000. The case is not in point as it is based on a different statute. The statutes of Kentucky do not fix a definite limit to the time during which an execution may issue on a judgment. That right exists while the judgment remains in force as a cause of action. The question decided in that case is that the judgment was in force as a cause of action, and that the execution was therefore properly issued. There are no other cases cited on this point.

The order is affirmed. All concur.