(105 N. W. 1105.)

---

THEODORE HOLTON AND B. T. HOLTON V. CHARLES SCHMARBACK.

Opinion filed December 21, 1905.

**Justice of the Peace — Limitation of Period to Issue Execution.**

    1. Section 6723, Rev. Codes 1899, which authorizes a justice of the peace to issue execution within five years after the entry of the judgment, and not afterwards, is a limitation upon the remedy by justice court execution, and not upon the life of the judgment. The limitation upon the latter is fixed by section 5200, and is ten years.

**Same — Filing Transcript of Judgment — Effect on Power to Issue Execution.**

    2. Under sections 6717, 5498, Rev. Codes 1899, the filing of a transcript of a justice court judgment in district court terminates the power of the justice to issue execution, and authorizes the district court there-

after to issue its execution as upon judgments originally rendered and entered therein.

**Same — Filing Transcript in District Court — Effect.**

3. When a justice court judgment has been regularly transferred to the district court by the filing of a transcript, it has, for the purposes of lien and execution, the same effect as a judgment originally entered therein.

**Same — Limitation of Time for Issuance of Execution.**

4. The period for issuing district court execution is limited by section 5500, Rev. Codes 1899, to ten years from the entry of judgment. As applied to a justice court judgment, this means ten years form its entry by the justice, and not ten years from the filing of the transcript in district court.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by Theodore Holton and B. T. Holton against Charles Schmarback. Judgment for defendant, and plaintiffs appeal. Reversed.

*Thomas H. Pugh,* for appellant.
*Frich & Kelly,* for respondents.

YOUNG, J. On August 6, 1895, the plaintiff recovered a judgment for $91.45 in justice court against the defendant. On June 12, 1899, a transcript of the judgment was filed and docketed in the office of the clerk of the district court. On December 17, 1904, an execution was issued thereon by the clerk of the district court, and a levy was made thereunder upon certain real estate belonging to the defendant, which was followed by a sale of the same on June 25, 1905, by the sheriff, at which sale the plaintiff was the purchaser. Thereafter, upon defendant's application, the district court recalled and cancelled the execution, and set aside and annulled the sale and all evidence thereof, upon the alleged ground that the judgment was dormant when the execution was issued; and that it was therefore issued without warrant of law. The only question presented upon this appeal is the correctness of the above conclusion.

The position of defendant's counsel, and it was sustained by the trial judge, is (1) that the life and validity of a justice court judgment is limited to five years from its rendition; and (2) that its life is not prolonged by the filing of a transcript in the district court, so as to authorize the issuance of an execution in that court

after the five-year period has elapsed. In our opinion, the first proposition is erroneous. The contention that the life of the judgment had expired, and that it would not, therefore, support the execution, is based upon section 6723, Rev. Codes 1899, which reads as follows: "The judgment of a justice court is enforced by process of execution.   *   *   *   Execution may issue at any time within five years after the entry of judgment, but not afterwards, on application of the party in whose favor it was rendered, or his legal representative, to the justice who entered the same, or his  successor in office.  *  *  *"   In our opinion, this section which is a part of the Justice Code, cannot be given the meaning ascribed to it. It will be seen by reference to its language that it does not relate to the life of the judgment, but to the remedy for enforcement by justice court execution; and it prescribes the time in which a justice of the peace may issue execution. This section gives to the judgment creditor, whose judgment has not been transferred to the district court, a right to a justice court execution for five years after its entry, and it makes it the duty of the justice in whose court the judgment was entered, for that period, upon proper request, to issue execution, and prohibits him from issuing it afterwards. It relates solely to the power of the justice court to enforce the judgment by execution, and limits the exercise of that power to five years; and it does not limit the life of the judgment. The power of the justice to issue execution is also terminated by the issuance of a transcript to the district court. Section  6717, Rev. Codes 1899. But the life of the judgment continues ten years from its rendition; and an action may be main-tained upon it for that period. Section 5200, Rev. Codes 1899. A limitation upon the power to issue execution and a limitation upon the life of the judgment are different matters. Weisbocker v. Cahn (N. D.; opinion filed June 22, 1905) 104 N. W. 513. The limitation applied in Kerns v. Graves, 26 Cal. 156, a case cited by counsel for respondent, was general, and prohibited the issuance of executions generally after five years. This limitation was held to apply to executions issued from all courts including those in which a transcript had been filed. The case is not in point under our statute. Section 6723, supra, is not a general limitation. It applies only to the power of the justice court.

The power of the district court to issue execution upon a justice court judgment which has been transferred to that court,

and the limitations upon its power, are contained in sections 5498, 5500, Rev. Codes, 1899, which are a part of the Code of Civil Procedure. Section 5498 reads as follows: "A justice of the peace, on demand of the party in whose favor he shall have rendered a judgment, must give a certified transcript thereof, which may be filed in the office of the clerk of the district court * * * and such clerk must thereupon enter such judgment in the judgment book and upon the judgment docket; and from the time of the docketing thereof it becomes a judgment of such district court (for purposes of execution) and a lien upon real property, and a certified transcript of the docket of such judgment may be filed and the judgment docketed accordingly in any other county or subdivision with the like effect in every respect as if the judgment had been rendered in the district court where such judgment is filed." The words, "for purposes of execution," which were added by chapter 115, page 154, Laws 1903, do not change the meaning or effect of the original section. Section 5500 (which is a part of chapter 11 relating to the execution of judgments in the district court) reads as follows: "The party in whose favor judgment has been given * * * may at any time within ten years after the entry of judgment, proceed to enforce the same by execution as provided in this chapter." The justice, after delivering the transcript for filing, cannot issue execution. That power thereafter is in the district court. The purpose and effect of filing a transcript under section 5498, supra, is to enlarge the effect and means of enforcing the justice court judgment. The judgment becomes a lien upon the judgment debtor's property from the docketing of the transcript and from that time forward it is like a judgment rendered in the district court, and this includes the remedy for enforcement by district court execution. The time within which a district court execution may issue is governed by section 5500. It is limited to "ten years after the entry of judgment." As applied to a judgment originally rendered and entered in the district court there can be no doubt as to when the period of limitation would begin and end. But, as applied to a justice court judgment transcripted to the district court, there is a question.

Does the ten-year period begin to run from the entry of the judgment by the justice, or from the filing of the transcript in the district court? The Supreme Court of South Dakota reached the conclusion, construing a section of the Compiled Laws correspond-

ing with our section 5498, in Williams v. Rice, 6 S. D. 9, 60 N. W. 153, that the period begins with the docketing of the transcript and extends the full statutory time thereafter. We cannot agree to this view. The conclusion is based upon a ground to which we cannot assent; and that is, that the act of filing the transcript in the district court is the "entry of judgment," and that the judgment is in fact a district court judgment entered on that date. True, the filing of the transcript gives to the justice court judgment a new effect. From the date of the filing it has, for the purposes of the lien and execution, the effect of a district court judgment, and the statute says "it becomes a judgment of such district court." But it is not a district court judgment save in effect. It is still in fact a justice court judgment. It was rendered and entered by a justice of the peace, and was not rendered and entered by the district court. The statute broadens its effect when the transcript is filed, but this is not the rendition or entry of a new judgment. It continues to be a justice court judgment, but broadened as to the effect which is added to it by the fact of transcription. Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292. See, also, Dieffenbach v. Roach, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829; Brown v. Wuskoff, 118 Ind. 569, 19 N. E. 463, 21 N. E. 243; Mahoney v. Neff, 124 Ind. 380, 24 N. E. 152. The effect of the South Dakota case (and we do not think it was modified by the later case of Phillips v. Norton [S. D.] 101 N. W. 727) is to make a justice court judgment superior to a district court judgment. A district court judgment is limited to ten years, as to actions, liens and execution. Under the South Dakota view, the time for issuing a district court execution begins to run from filing the transcript (and South Dakota is not alone in this view). This gives to the owner of a justice court judgment all the advantages obtainable in the justice court, and also authorizes him, by filing a transcript thereafter, to have the full period for all district court remedies. A proper construction of the statute does not, in our opinion, sustain this conclusion. In addition to the lien, the principal right acquired by the transcription is the right to a district court execution. That right is limited to ten years from the entry of the judgment upon which it is issued. The judgment in this case was entered by the justice of the peace on August 6, 1895. The execution was issued on December 17, 1904, and the sale was made within ten years from the entry of judgment. The execution was issued within the statutory period.

The order appealed from must therefore be in all things reversed. All concur.