(122 N. W. 340.)

---

ENDERLIN INVESTMENT COMPANY, A CORPORATION v. CARL NORD-HAGEN, RANDE NORDHAGEN AND ELLEF NORDHAGEN.

Opinion filed November 4, 1909.

**Justice of the Peace — Transcript — Execution.**

> 1. Section 8452, Rev. Codes 1905, which reads as follows: "The judgment of a justice's court is enforced by process of execution. When the process is not stayed or suspended by any provision of this code, execution may issue at any time within five years after entry of judgment, but not afterwards, on application of the party in whose favor it was rendered, or his legal representative, to the justice who entered the same or his successor in office, or other justice who has custody of the docket"—does not prohibit the transcripting of a judgment entered in justice court after the expiration of five years, and within ten years from its entry, and the district court to which such judgment is transcripted may issue execution thereon at any time before the expiration of ten years from the entry of such judgment in the justice court.

**Evidence — Lost Deed — Secondary Evidence — Foundation.**

2. When the title to real estate is in issue, evidence of a lost unrecorded deed and its contents can only be given on laying a proper foundation by proving its execution, validity, tenor, delivery, loss and diligent search for it.

**Recording of Transfers — Priority of Judgment Over Unrecorded Deed.**

3. Under section 5038, Rev. Codes 1905, which makes every conveyance by deed void as against the lien of any judgment obtained against the person in whose name the title appears of record prior to the recording of such conveyance, an execution legally levied, and a sale thereon, and sheriff's deed issued at the expiration of the redemption period to the purchaser conveys good title, as against title derived from a prior unrecorded deed, of which the judgment creditor and purchaser had no notice.

**Execution Purchaser — Possession of Land as Notice — Priorities.**

4. The title to premises on which execution was levied stood in the name of Carl Nordhagen, the son of Ellef Nordhagen and Rande Nordhagen. All these parties, together with other brothers and sisters of Carl, all over 21 years of age, resided together upon the premises sold. The evidence fails to disclose any facts indicating that any one of the parties might not have claimed possession with as much reason as did the defendant Rande, the mother of Carl. *Held,* that the evidence is insufficient to constitute notice of the claim of Rande, the mother, to title in the land through an unrecorded deed, as against a title derived from such levy.

**Adverse Possession — Elements of.**

5. To render possession adverse, it must not only be actual, but also open, continuous, notorious, distinct and hostile, and of such a character as to unmistakably indicate an assertion of claim of ownership by the occupant.
*Held,* under the evidence of this case, that the defendant Rande Nordhagen is not shown to have been in such possession as to defeat a title under a judgment against her son Carl to the premises, resided upon by both.

Appeal from District Court, Ward county; *Goss, J.*

Forcible entry and detainer by the Enderlin Investment Company against Carl Nordhagen and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*Pierce, Tenneson & Cupler,* for appellant.

A justice court judgment is enforceable by execution within ten years from its date. Vol. 8 Am. and Eng. Ency. Pl. and Pr. 363; Dakota Investment Co. v. Sullivan, 9 N. D. 303; Bailey v. Wagoner, 17 S. & R. 327; Catlin v. Merchants Bank, 36 Vt. 572.

Five years are the limit to the issue of an execution, not a transcript, upon a justice's judgment. Sec. 7093 Code 1905; Holton v. Schmarback 106 N. W. 36, 15 N. D. 38; Weishbecker v. Cahn, 104 N. W. 513, 14 N. D. 390; Williams v. Rice, 60 N. W. 153.

Recitals of a Sheriff's Deed are evidence. Section 7149 Code 1905; Everson v. State 92 N. W. 137; Sheids v. Miller, 9 Kan. 390; Baxter v. Leary, 72 N. W. 9.

To admit evidence of a lost deed, its execution, validity and delivery must be shown. Lewis v. Burns et al, 55 Pac. 132; Teller v. Brower et al., 14 Pac. 209; Dasher v. Ellis, 102 Ga. 830; Bigelow v. Young, 30 Ga. 121; Durham v. Holeman, 30 Ga. 619; Eaton v. Freeman, 63 Ga. 535.

And proof must be clear and satisfactory. Walmsley v. Child, 1 Ves. 341; Fisher v. Carroll, 6 Ired Eq. 485; Towle et al v. Sherer et al, 73 N. W. 180.

Unrecorded deed must give way to judgment. Rev. Codes 1905, Sec. 5038; Coles v. Berryhill, 33 N. W. 213; Berryhill v. Smith et al, 61 N. W. 144; Clark v. Butts et al., 76 N. W. 263; Freeman on Judgments, Section 366 and cases cited; Vol. 24 Am. and Eng. Enc. Law, p. 118; Vol. 24, Am. and Eng. Enc. Law, p. 128; Robertson v. Durden 89 Ala. 500; Gower v. Doheney 33 Ia. 36; Wells v. Baldwin et al., 10 N. W. 427; Wilcox v. Loominister Nat. Bank 45 N. W. 1136; Bank of Ada v. Gillikson et al., 66 N. W. 131; Dickenson v. Kinney, 5 Minn. 417; Glocher v. Brisbin, 20 Minn. 462; Coles v. Berryhill 33 N. W. 213; McFadden v. Blocker 2 Ind. Ter. 260; Oyler v. Renfro, 86 Mo. App. 321; Karst v. Gane et al., 32 N. E. 1073; Stephens v. Perrine et al., 39 N. E. 11; Field v. Ingraham 15 Misc. 529; Campbell v. Richardson, 6 Okla. 375; Price v. Wall, 97 Va. 334.

*M. J. Barrett,* for respondent.

Five years are the limit to a justice's judgment, as to the issue of an execution or transcript thereon. Farmers' State Bank v. Bales, 90 N. W. 945; Phillips v. Norton et al., 101 N. W. 727; Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829; Young v. Remer 4 Barb. 442.

No rights accrue upon an execution sale upon a justice judgment, issued after five years from its entry. Halsey v. Van Vliet, 27 Kan. 474; State v. McArthur, 5 Kan. 280; Rollin v. McIntyre, 87 Mo. 496; Ransom v. Williams, 2 Wall (U. S.) 313; White v. Clark, 8 Cal. 512; Coward v. Chastain, 99 N. C. 443; Lyon v. Rust, 84 N. C. 588; Lytle v. Lytle, 94 N. C. 683.

Possession under an unrecorded deed is notice. O'Toole et al v. Omlie et al., 8 N. D. 444, 79 N. W. 849; Lipp v. Southern Omaha L. S. Co., 40 N. W. 129; Daniel v. Hester, 7 S. E. 65; Phalen v. Brady, 1 N. Y. Sup. 626; Hottenstein v. Larch, 104 Pa. St. 454; Boyer v. Chandler, 32 L. R. A. 113; Brook v. Bordnew, 155 Pa. St. 407; Groff v. Ramsey, 19 Minn. 44; Palmer v. Bates, 22 Minn. 522; New v. Wheaton, 24 Minn. 406; Brinser v. Anderson, 6 L. R. A. 205; Gale v. Shillock, 4 Dak. 182; 29 N. W. 661; Peasley v. McFadden, et al., 10 Pac. 179; Lambert et al., v. Weber et al., 47 N. W. 251.

SPALDING, J. This is an action for unlawful entry and detainer. Plaintiff relies for title upon a sheriff's deed issued under the following circumstances: August 22, 1898, a judgment was rendered in justice court in Ransom county, N. D., in favor of one Goldberg against Ellef Nordhagen, Gilbert Nordhagen and Carl Nordhagen. A transcript of such judgment was filed and docketed in the office of the clerk of the district court of Ransom county March 18, 1905, and this was further transcripted and docketed in the office of the clerk of the district court of Ward county, May 15, 1905, at 9 o'clock a. m., and was assigned to the appellant July 26, 1905. District court execution was issued, levied on the land in question; a sale made to appellant; and, no redemption being made, sheriff's deed issued. A jury trial was waived, and, after the submission of the evidence, the district court made findings of fact and entered judgment in favor of the defendants and respondents. The respondent Rande Nordhagen is the mother of Carl Nordhagen and Gilbert E. Nordhagen and the wife of Ellef Nordhagen. The trial court held that by reason of the fact of the judgment of the justice court in Ransom county not having been transcripted to the district court until after the expiration of 5 years from its entry, the levy and sale under the execution referred to, and the sheriff's deed issued at the expiration of the redemption period, were invalid, and conveyed no title to appellant. It also found that Rande Nordhagen was the owner of the premises under a deed conveying the same to her

from Gilbert E. Nordhagen, made during the year 1903, and that such deed was lost and never recorded, that under the same she took possession of said premises, and has resided thereon at all times to date, and was at the time of the trial residing thereon with defendant Ellef Nordhagen, her husband, defendant Carl Nordhagen, and her other children, all over the age of 21 years. These are the material parts of the findings. It is contended by appellant that the evidence does not sustain these findings or the judgment.

The first question for consideration is the effect of a transcript of a justice court judgment to the district court after the expiration of 5 years from its rendition and entry. The respondent contends that the levy and sale of the premises under the pretended execution were void. If this is correct, the judgment must be affirmed, and all other questions are immaterial. If incorrect other questions must be decided. Section 7093, Rev. Codes 1905, provides that a justice of the peace must, on demand, give a certified abstract of his judgment, which may be filed in the office of the clerk of the district court of the county or subdivision in which judgment was rendered, and entered in the judgment book and the judgment docket thereof, and that from the time of the docketing thereof it becomes a judgment of such district court for the purposes of execution, and a lien upon real property owned by the debtor, and that a like certified transcript of the docket of such judgment may be filed, and the judgment docketed, in any other county or subdivision with like effect and in every respect as if the judgment had been rendered in the district court where such judgment was filed. Section 8446 prescribes the form for the abstract of such a judgment. No suggestion is offered in this case that the justice did not have jurisdiction to enter the judgment when entered, or that it was not transcripted in due form. Section 8452, Rev. Codes 1905, reads as follows: "The judgment of a justice's court is enforced by process of execution. When the process is not stayed or suspended by any provision of this Code, execution may issue at any time within five years after entry of judgment, but not afterwards, on application of the party in whose favor it was rendered, or his legal representative, to the justice who entered the same, or his successor in office, or other justice who has custody of the docket."

Respondent cites in support of its contention the case of Phillips v. Norton, 18 S. D. 530, 101 N. W. 727, which holds that the tran-

script of the justice court judgment must be made and filed with the clerk of the circuit court within 5 years after the entry of the judgment. With due respect for the Supreme Court of South Dakota, we must hold to the contrary. We think the question is settled by the reasoning of this court in the case of Holton v. Schmarback, 15 N. D. 38, 106 N. W. 36. We are of the opinion that the provisions of section 7093 simply limit the right to have execution within 5 years only to such right in the justice's court, and that it does not limit the life of the judgment, nor the right to transcript it to the district court. The provisions of the Code under consideration, and the subjects treated in connection with that section, are judgments and executions in justice courts, and it would be an unwarranted extension of the meaning of the section to hold that it applies to executions issued by a district court. The language of the section itself limits its meaning, and confines its operation to the justice court. This court, through Judge Young, in the Holton case, said in speaking of the above section: "It will be seen by reference to its language that it does not relate to the life of the judgment, but to the remedy for enforcement by justice court execution; and it prescribes the time in which a justice of the peace may issue execution. * * * It relates solely to the power of the justice court to enforce the judgment by execution, and limits the exercise of that power to 5 years; and it does not limit the life of the judgment. The power of the justice to issue execution is also terminated by the issuance of a transcript to the district court. But the life of the judgment continues 10 years from its rendition, and an action may be maintained upon it for that period." It is held in that case that the power of the district court to issue execution upon a justice court judgment which has been transferred to that court, and the limitation upon its power, are contained in sections 5498 and 5500, Rev. Codes 1899. Section 5498 is section 7093, Rev. Codes 1905, and section 5500, Rev. Codes 1899. Section 7099, Rev. Codes 1905, relates to the executions of judgments in the district court, and provides that the party in whose favor judgment has been given may, at any time within 10 years after the entry of the judgment, proceed to enforce it by execution, and it says the purpose and effect of filing a transcript is to enlarge the effect and means of enforcing the judgment of the justice court. The judgment becomes a lien upon the judgment debtor's property from the docketing of the transcript, and from that time forward it is like a judgment rendered in the

district court, and this includes the remedy for enforcement by district court execution. The time within which a district court judgment may be issued is governed by section 7099. It is limited to 10 years from the entry of the judgment. Later this court says: "The filing of the transcript gave to the justice court judgment a new effect. From the date of the filing it has, for the purposes of the lien and execution, the effect of a district court judgment." And in Weisbecker v. Cahn, 14 N. D. 390, 104 N. W. 513, it is held that the limitation upon the power to issue execution and the limitation upon the life of the judgment are different matters. Authorities are cited from other states by respondent, but are not in point when our statute is considered. No other objection is raised to the validity of the levy, sale, and sheriff's deed, and we are satisfied of their validity.

The next question is whether the evidence sustains the finding, and therefore the judgment, as to the title being in Rande Nordhagen under a deed from Gilbert executed and delivered in 1903. This requires brief mention only. No such deed was offered in evidence. Its absence was unaccounted for. It was not shown that diligent search had been made for it, or that it was lost. In fact no foundation was laid for proof of such a deed, and no direct proof was offered. It is an elementary principle of law that when the title of real estate is in issue, evidence of a lost deed and its contents can only be given on laying a proper foundation by proving its execution, validity, tenor, delivery, loss, and diligent search for it. In addition to this her title cannot be sustained, as against this execution sale, because no such deed was ever recorded, and it is nowhere contended that appellant had any notice or knowledge of such deed ever having been in existence. On the contrary, it is shown that when the agent of the plaintiff called at the residence of the Nordhagens, on the premises, before attempting to enforce collection of the judgment, and for the purpose of collecting it, he was informed by Carl Nordhagen, in whose name the legal title stood, and by Ellef Nordhagen, husband of Rande and father of Carl, that the land belonged to Carl. Carl had also executed two mortgages upon it and one chattel mortgage of crops, all of which were of record. Section 5038, Rev. Codes 1905, makes every conveyance of land by deed void, as against any attachment levy thereon, or any judgment lawfully obtained at the suit of any party against the person in whose name the title appears of record prior to the recording of such conveyance. The record title being in Carl Nordhagen, this section is applicable to

the case at bar. It is contended that defendant Rande Nordhagen was in possession of the premises, and that, therefore, appellant had notice of her claim to title. This contention is not supported by the evidence. We have shown that the whole family was residing upon the premises. The title of record was in Carl, and under the provisions of section 6777 of the statute, this carried a presumption of possession, and the evidence given on the subject is too meager and inadequate to support the possession of Rande, or to overcome the statutory presumption. It was simply to the effect that she resided on the premises. Had occasion arisen to do so, possession might have been shown just as adequately in Ellef, or any of the other children who resided on the premises.

Secret trusts and equities in relation to real property are expressly declared to be void by the provisions of the Code of this state, and any trust arrangement must be made a matter of record, or the title of the trustee will be deemed absolute in favor of his judgment creditors or purchasers from him. Sections 4821, 4823, 4835, Rev. Codes 1905. To render possession adverse it must not only be actual, but also visible, continuous, notorious, distinct, and hostile, and of such a character as to unmistakably indicate an assertion of claim of exclusive ownership by the occupant. Both Rande and Carl were occupants and the evidence comes very far from indicating, at the time the levy was made, a hostile assertion of title in Rande. See Evans v. Templeton, 69 Tex. 375, 6 S. W. 843, 5 Am. St. Rep. 71; Colvin v. Rep. Valley, etc., Co., 23 Neb. 75, 36 N. W. 361, 8 Am. St. Rep. 114; Cook v. Clinton, 64 Mich. 309, 31 N. W. 317, 8 Am. St. Rep. 816.

There is no merit in the claims of respondent, and the judgment of the district court is reversed. All concur.