RANDE NORDHAGEN v. ENDERLIN INVESTMENT COMPANY and John J. Lee, Sheriff of Ward County.

(129 N. W. 1024.)

**Evidence — Warrants — Decree Quieting Title.**

Evidence examined, and under the law of Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390, it is held that appellant is entitled to a decree quieting title to the land described in the opinion, against all claims of respondent.

Opinion filed January 24, 1910.

Appeal from District Court, Ward county; *Goss, J.*

Action to quiet title.

Reversed.

*Pierce, Tenneson & Cupler,* for appellant.

No appearance or brief for respondent.

SPALDING, J. This appeal was taken by the defendant, the Enderlin Investment Company, from a judgment of the district court of Ward county, adjudging that the plaintiff, Rande Nordhagen, was the owner in fee simple and entitled to the possession of the southwest quarter of section 35, in township 155, north of range 81, west, and quieting title in her, and canceling a deed given by Gilbert Nordhagen to Carl Nordhagen, and recorded in the office of the register of deeds of

Ward county, North Dakota, in Book 6 of Deeds at page 457, on the 27th day of April, 1905, and one given from Carl Nordhagen to Rande Nordhagen, and recorded in Book 9 of Deeds, in the same county, page 44. The facts relating to this proceeding are sufficiently set forth in the opinion of this court found in Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390. The case cited was an action brought by the Enderlin Investment Company, under the forcible entry and detainer statute, on the ground that the defendants had wrongfully held over after the title had ripened in the Enderlin Investment Company through a sheriff's deed issued on an execution sale. While that action was pending, Rande Nordhagen brought this action to quiet title to the same land. That action was tried by the court without a jury, and it was stipulated that the evidence offered in the forcible entry and detainer action should be considered as having been offered and introduced in this action, and that the same findings and conclusions should be made by the district court in this action that should be made in such other action. The defendant in the case at bar pleaded a counterclaim based upon the title claimed through the sheriff's deed. No question was raised as to the regularity of the proceedings leading up to and including the execution and delivery of the sheriff's deed. The forcible entry and detainer action resulted in a judgment for defendant, Rande Nordhagen, in the trial court, which was reversed by this court, and the judgment quieting title in her in the case at bar resulted from the stipulation. All the evidence offered in the other action was received, and we have examined the same carefully to ascertain whether it necessitates a reversal of the judgment entered in this action. We find the facts clearly established the right of the defendant and appellant herein to a judgment quieting title in it as against the plaintiff and respondent, Rande Nordhagen, to the land in question, under the law as construed in the opinion in Enderlin Invest. Co. v. Nordhagen, supra.

The judgment of the District Court is reversed, and that court is directed to enter judgment quieting title to the land described in the appellant.

All concur, except Goss, J., disqualified, and MORGAN, Ch. J., not participating. By request W. C. CRAWFORD, judge of the tenth judicial district, sat in the place of Goss, J., disqualified.