# EDWARD S. MOTT v. WALLACE M. HOLBROOK.

## (148 N. W. 1061.)

An attachment was regularly issued in Ramsey county and levied on real estate in Pierce county in an action of Holbrook v. Dahl, who as defendant, after such levy, confessed judgment by a written instrument entitled as was the pending attachment action, but making no reference thereto. Return on attachment was made by the sheriff of Pierce county within the statutory period therefor, but after judgment had been entered on an order based on the confession of judgment. After levy, but before sheriff's return on attachment and before transcription of Ramsey county judgment to Pierce county, Dahl deeded the land to Rother, who filed his deed for record. Mott by mesne conveyances from Rother became owner of the land, and brought this action in Pierce county to quiet his title as against Holbrook's lien by attachment and judgment transcripted, claiming the judgment was taken as one entered upon confession without action *ipso facto* working an abandonment by Holbrook of his pending action and lien of attachment procured therein, and further that as a confession of judgment in such alleged independent summary proceeding the purported written confession was insufficient and void. Trial court sustained Mott's contentions, and Holbrook appeals. *Held:*—

**Record of judgment — confession — presumptions.**

1. The presumptions from the record are that the judgment was entered as one taken by confession in the pending attachment action.

**Record ambiguous — testimony — facts — judicial notice.**

2. If the record is ambiguous on the issue of fact, testimony and matters of which the court may take judicial notice may be considered, from which it also must appear that the judgment was taken as in that pending action.

**Lien by attachment — judgment in county other than where attached land situated — does not discharge lien — transcription.**

3. The lien by attachment remained extant independent of the judgment entered in a county other than where the land was situated, said lien not merging until filing of sheriff's return in Ramsey county and transcription of judgment to Pierce county; and the entry of judgment in Ramsey county before filing of the sheriff's return did not discharge the lien in Pierce county.

**Reference to attachment lien — judgment need not make — need not direct sale — duty of attaching officer.**

4. It was not necessary that the judgment as entered refer to the attachment lien nor direct a sale of the property attached in satisfaction thereof as the law imposes that duty upon the attaching officer.

**Lien by attachment — prior to recorded transfer of land attached — attaching creditor prima facie in position of "purchaser in good faith, etc." — rights of.**

5. Under § 5038, Rev. Codes 1905, the lien acquired by attachment in advance of the recorded transfer of the attached real estate places the attaching creditor prima facie in the position of a "purchaser in good faith and for a valuable consideration" of the property attached, with rights as purchaser accruing on levy made under § 6948, Rev. Codes 1905.

**Debtor's interest in land — records — shown by — subject to lien of attachment — not actual interest — rule — statute.**

6. It is not the debtor's actual interest in the real estate that is thus liened by attachment, but instead it is his interest as shown by the records of the register of deed's office affecting the real property attached, our statute, § 5038, changing the rule otherwise applicable.

**Lien not waived by lapse of time — continually attacked by action.**

7. The attachment lien held valid and not waived by lapse of time, it having been continually under attack by action since six weeks after it was obtained.

Opinion filed September 8, 1914.

Appeal from the District Court of Pierce county, *Burr,* J.

Reversed.

*Frederic T. Cuthbert, Henry G. Middaugh, Rollo F. Hunt, Arthur R. Smythe,* for appellant.

The auditor's tax deed was void upon its face. Tax sale deed must show upon its face that sale was made to person offering to accept lowest rate of interest. Youker v. Hobart, 17 N. D. 296, 115 N. W. 839.

The attachment lien of Holbrook, filed and recorded against the land, took precedence of the deed filed and recorded subsequently. Civil Code 1905, chap. 39; Rev. Codes 1905, § 5038.

Holbrook's attachment was valid, and nothing was done by him to injure or prejudice the rights of other or subsequent creditors. Wade, Attachm. & Garnishment, § 220; Drake, Attachm. 250.

An attachment is valid though there was no service on defendant, provided he appears voluntarily. Pomeroy v. Ricketts, 27 Hun, 242; Catlin v. Ricketts, 91 N. Y. 668; Shinn, Attachm. §§ 216, 217; Rev. Codes 1905, § 6850.

"The law does not require idle acts." Rev. Codes, 1905, § 6679.

"An interpretation which gives effect is preferred to one which makes void." Rev. Codes 1905, § 6688.

"The law respects form less than substance." Rev. Codes 1905, § 6675.

A confession of judgment is a voluntary submission to the jurisdiction of the court. 8 Cyc. 563; 4 Enc. Pl. & Pr. 560; Hall v. Jones, 32 Ill. 38.

The Holbrook judgment being valid in all respects, it cannot be attacked collaterally. Cordier v. Schloss, 12 Cal. 143; Richards v. Mc-Millan, 6 Cal. 419, 65 Am. Dec. 521; Atwater v. Manchester Sav. Bank, 45 Minn. 341, 12 L.R.A. 741, 48 N. W. 187; McDowell v. Daniels, 38 Barb. 143; Harrison v. Gibbons, 71 N. Y. 59; Kern v. Chalfant, 7 Minn. 487, Gil. 393; Cleveland Co-Op. Stove Co. v. Douglas, 27 Minn. 177, 6 N. W. 628; Lee v. Figg, 37 Cal. 328, 99 Am. Dec. 271.

*Kehoe & Moseley,* for respondent.

The element of champerty does not exist in this case. Rev. Codes 1905, § 8733; State Finance Co. v. Bowdle, 16 N. D. 193, 112 N. W. 76; State Finance Co. v. Trimble, 16 N. D. 199, 112 N. W. 984; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

A junior attaching creditor may show that the first attaching creditor has lost his lien by attachment for failure to follow it up as by law provided. Gilbert v. Gilbert, 33 Mo. App. 259; 4 Cyc. 647; 11 Enc. Pl. & Pr. 1052; Kendall v. Hodgins, 1 Bosw. 659; Daly v. Matthews, 12 Abb. Pr. 403, note; Rev. Codes 1905, § 5325; Hackney v. Wollaston, 73 Minn. 114, 75 N. W. 1037.

There must first be an action properly pending, and summons must have been personally served, or issued before attachment is allowed. Gans v. Beasley, 4 N. D. 140, 59 N. W. 717.

The court's jurisdiction at such point is conditional. Personal service of the summons, or publication thereof, must be commenced within sixty days after the writ issues, or jurisdiction is lost. Rhode Island Hospital Trust Co. v. Keeney, 1 N. D. 411, 48 N. W. 341; Rev. Codes 1905, § 6940.

The attachment lien by appellant was a temporary lien which expired by reason of his failure to prosecute the attachment action to judgment. Rev. Codes 1905, § 6999; Van Loan v. Kline, 10 Johns.

129; Gilbert v. Gilbert, 33 Mo. App. 259; Murray v. Eldridge, 2 Vt. 388; Hall v. Walbridge, 2 Aik. (Vt.) 215.

The so-called judgment roll in the former action clearly discloses the fact that appellant did not intend at the time he obtained such judgment, to take judgment in the attachment action. His intent, however, would not control in any event. And parol evidence in the present case is wholly incompetent to establish same, or to contradict the record. Lafferty v. Lafferty, 139 Mich. 176, 102 N. W. 626; Gutterman v. Schroeder, 40 Kan. 507, 20 Pac. 230; Weigley v. Matson, 125 Ill. 64, 8 Am. St. Rep. 335, 16 N. E. 881; Roche v. Beldam, 119 Ill. 320, 10 N. E. 191; Settlemier v. Sullivan, 97 U. S. 444, 24 L. ed. 1110; Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742; Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; Galpin v. Page, 18 Wall. 350, 21 L. ed. 959.

The judgment must be deemed a mere judgment by confession in a separate action from the attachment action. Rev. Codes 1905, §§ 7843, 7844; Pond v. Davenport, 44 Cal. 481.

If the judgment is not one in the attachment action, it must be one by confession. If it is such a judgment, then the attachment lien is lost, because it was not entered in Pierce county until after the recording to the Rother deed. Rev. Codes 1905, §§ 7843, 7844; Gilbert v. Gilbert, 33 Mo. App. 259; McHenry v. Shephard, 2 Mo. App. 378; Bryan v. Miller, 28 Mo. 32, 75 Am. Dec. 107.

The respondent, being in the position of a prior purchaser, is at least on a par with a subsequent attaching creditor, and his rights must be respected, and not destroyed or impaired. Davidson v. Alexander, 84 N. C. 621; Bernard v. Douglas, 10 Iowa, 370; Woods v. Bryan, 41 S. C. 74, 44 Am. St. Rep. 688, 19 S. E. 218; McHenry v. Shephard, 2 Mo. App. 378; Edgar v. Greer, 7 Iowa, 136; Bacon v. Raybould, 4 Utah, 357, 10 Pac. 481, 11 Pac. 510; Wells v. Gieseke, 27 Minn. 478, 8 N. W. 380; Auerback v. Gieseke, 40 Minn. 258, 41 N. W. 946; Bryan v. Miller, 28 Mo. 32, 75 Am. Dec. 107; Chappel v. Chappel, 12 N. Y. 215, 64 Am. Dec. 496; Dunham v. Waterman, 17 N. Y. 9, 72 Am. Dec. 406; Richardson v. Fuller, 2 Or. 179; Utah Nat. Bank v. Sears, 13 Utah, 172, 44 Pac. 832; Puget Sound Nat. Bank v. Levy, 10 Wash. 499, 45 Am. St. Rep. 803, 39 Pac. 142; Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125; Gilbert v. Gilbert, 33 Mo. App. 259; Nichols v. Kribs, 10 Wis. 76, 76 Am. Dec. 294; Kennedy v. Howe, 9 Iowa, 580.

In confession of judgment, the statement required must be more specific than a complaint. It must specify as in a bill of particulars. Lawless v. Hackett, 16 Johns. 149; Dunham v. Waterman, 17 N. Y. 9, 72 Am. Dec. 406; Bryan v. Miller, 28 Mo. 32, 75 Am. Dec. 107; Bernard v. Douglas, 10 Iowa, 370; Nichols v. Kribs, 10 Wis. 76, 76 Am. Dec. 294; Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125; Bacon v. Raybould, 4 Utah, 357, 10 Pac. 481, 11 Pac. 510.

The rule is that a statement in confession of judgment, which does not attempt to state or show any of the facts out of which the debt arose, is void as to third parties. Puget Sound Nat. Bank v. Levy, 10 Wash. 499, 45 Am. St. Rep. 803, 39 Pac. 142; Chappel v. Chappel, 12 N. Y. 215, 64 Am. Dec. 496; Freligh v. Brink, 22 N. Y. 418; Dunham v. Waterman, 17 N. Y. 9, 72 Am. Dec. 406; Richardson v. Fuller, 2 Or. 179; Bernard v. Douglas, 10 Iowa, 370; Bryan v. Miller, 28 Mo. 32, 75 Am. Dec. 107; Nichols v. Kribs, 10 Wis. 76, 76 Am. Dec. 294; Wells v. Gieseke, 27 Minn. 478, 8 N. W. 380; Davidson v. Alexander, 84 N. C. 621; Richards v. McMillan, 6 Cal. 422, 65 Am. Dec. 521; Cordier v. Schloss, 12 Cal. 147; Auerbach v. Gieseke, 40 Minn. 258, 41 N. W. 946.

Respondent is in position which entitles him to assail the judgment in the former action by the claim that it is not a judgment in the attachment action, but one by confession.

No presumption will be indulged to contradict the recitals in a recorded judgment. The statement of confession of judgment is a part of the judgment roll and record. 23 Cyc. 1089; 17 Am. & Eng. Enc. Law, 1077; 1 Black, Judgm. § 277; Cizek v. Cizek, 69 Neb. 797, 96 N. W. 657, 99 N. W. 28, 5 Ann. Cas. 464; Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742; Barber v. Morris, 37 Minn. 194, 5 Am. St. Rep. 836, 33 N. W. 559; Settlemier v. Sullivan, 97 U. S. 444, 24 L. ed. 1110; Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; Rev. Codes 1905, § 7844; Rasmussen v. Hagler, 15 N. D. 542, 108 N. W. 541.

Goss, J. The complaint is in the statutory form of an action to determine adverse claims. The answer sets up a lien by attachment. On the proof it appears that one Alice J. Dahl, in 1903, owned a quarter section in Pierce county. She resided at Devils Lake. Her husband was employed in the store of defendant Holbrook. On December 11,

1903, she executed and delivered to him her promissory note for $725.75, bearing interest and due six days after date, or December 17, 1903. The note covered an indebtedness for merchandise previously purchased from defendant. On December 21, 1903, the note being past due, this defendant began an action as plaintiff against Alice J. Dahl as defendant by the issuance of a summons, filing of a verified complaint on promissory note, and procured a warrant of attachment out of the district court of Ramsey county, directed to the sheriff of Pierce county as attaching officer, and regularly issued upon an undertaking and affidavit for attachment, which warrant was served the following day, December 22d, by the sheriff of Pierce county, by the recording in the office of the register of deeds of said county a notice of levy upon and describing the land in that county owned by Alice J. Dahl; and in due season, within the twenty-day period allowed, the sheriff of Pierce county made due return thereon to, and filed the same in the office of, the clerk of the district court of Ramsey county. The date of the attachment levy and lien was December 22, 1903. Three days later a deed to the Pierce county land was filed with the register of deeds of that county, conveying the same to F. C. Rother, which deed purports to be dated and acknowledged December 10, 1903, or twelve days before the attachment levy was made. Before the service of summons in the action of Holbrook v. Dahl, in which the attachment had been had and December 23d, the next day after the attachment levy, Alice J. Dahl signed an instrument entitled as was the summons and complaint, and formally confessing judgment in favor of the plaintiff Holbrook for the amount of the note particularly described, and stating that the same was wholly unpaid, verifying personally such confession of judgment. Upon the day following, an order for judgment duly entitled in the action was issued and filed, together with the usual statement of costs and disbursements in such action, which made no mention of sheriff or attachment fees, and upon which judgment was entered by the clerk December 24, 1903. The testimony of the attorney of record for Holbrook in the attachment action, received over objection of incompetency, as well as testimony of Holbrook himself similarly received, is that the confession of judgment bearing the same title identically as the attachment action was taken in that pending action to expedite judgment therein and save costs to defendant Dahl, and "that they were in one and

the same proceeding and the same court." Plaintiff's attorney testified: "The suit was commenced, the attachment started and sent out to this county for seizure and levy on the land, and Mrs. Dahl offered to confess judgment to save further costs in the matter, and my present recollection is I didn't know the amount of the sheriff fees at that time," hence did not tax any or else overlooked the matter, taxing but $8 statutory costs. With the levy thus perfected and the claim in judgment, the matter rested for six weeks until February 8, 1904, when Rother began his action against Holbrook to determine adverse claims, and particularly assailing the lien by attachment, to which a demurrer was interposed within the thirty-day period for answer, and on April 28, 1904, was argued and submitted for determination, but which was not ruled upon, however, for three years, or until August 19, 1907, when an order was entered and served sustaining the demurrer, after which an amended complaint was served upon which answer was joined. Two years later, or on April 21, 1909, on motion of the plaintiff, that action of Rother against Holbrook was dismissed without prejudice. Meanwhile by deed of May 1, 1908, Rother had conveyed the tract to one Lookingbill, who in the same month by deed conveyed the land to Mott, this plaintiff. Lookingbill in the meantime had procured a purported tax deed to the tract, void under both statute and the decisions of this court in Youker v. Hobart, 17 N. D. 296, 115 N. W. 839, and State ex rel. Ebbert v. Fouts, 26 N. D. 599, 50 L.R.A. (N.S.) 316, 145 N. W. 97. Mott, grantee of Dahl, then began this action, as plaintiff and principal party in interest, to quiet title to the land in himself as against the attachment lien unenforced and awaiting the outcome of the litigation in the previous action assailing it. This action was begun in and went to judgment in the district court of Pierce county, wherein the land is situated, and in which county the attachment lien had been obtained by levy, and wherein on December 29, 1903, after said levy and the entry of judgment in the action in Ramsey county, a transcript of that judgment had been docketed in Pierce county.

The court made its findings: "That said judgment is not a judgment rendered in said attachment action (that of Holbrook v. Dahl); . . . that said judgment is a judgment rendered in a proceeding separate and independent of said attachment action, and that the said

28 N. D.—17.

Wallace M. Holbrook, by his acceptance of such judgment in a proceeding separate and independent of said attachment action, as well as by his failure and neglect to prosecute said attachment action to judgment, has lost and waived and suffered to become dissolved his said attachment lien upon said premises as against the title of the plaintiff Mott, and that because the said judgment was obtained as aforesaid in a proceeding separate and independent of said attachment action, said attachment lien never became merged in said judgment as against the title of the plaintiff Mott. That said judgment is not a lien upon said premises. That the said judgment is void as against the title of the plaintiff Mott, because said judgment is a judgment upon confession, and the verified statement upon which the same is based does not state concisely nor at all the facts out of which said indebtedness arose." Judgment was entered in favor of Mott and against Holbrook, quieting Mott's title to the land as against any lien by attachment or judgment acquired by Holbrook in the action against Dahl. Defendant appeals.

The merit of the appeal and the regularity of the judgment is determined by whether the judgment in Holbrook's favor against Dahl was entered in the pending action, in which attachment was had and summons had been issued and complaint filed, or was an independent summary confession of judgment taken under §§ 7842, Rev. Codes 1905, et seq. Concededly, if the judgment be considered as one entered as a summary confession of judgment *without action,* notwithstanding the pending action, the action then pending must be taken as having been abandoned, working *ipso facto* a dissolution of any attachment lien obtained. Such is the only theory upon which the plaintiff can recover in this case, and upon which the judgment of the district court can be sustained. It is true that both the order for judgment and the judgment make no particular reference to the pending action, but instead recite "on reading the attached verified statement authorizing judgment . . . it is ordered," and "the above-named defendant having ·. . . made her confession of judgment and statement in writing verified by her oath, and the court by order having ordered judgment in favor of the plaintiff and against defendant, and on filing of said confession of judgment and said order of court . . . it is adjudged," that plaintiff "do have and recover," etc. The contention of appellant is that the order and judgment entitled in the pending ac-

tion did not need to recite the issuance of the summons and complaint, and that the confession of judgment was understood and taken to be the authorization of the entry of judgment in the pending action, and such being the fact, it must be found that judgment was taken in the pending action; that the record considered alone is ambiguous, and, if so, evidence outside the record was admissible to show the fact of whether the judgment was entered with or without action. But plaintiff asserts that Holbrook is bound by the record made in the action against Dahl, and that the presumption to be drawn from the order for judgment and judgment entered is that the same was taken as a confession without action, and that the action in which the attachment had been levied was abandoned, dissolving the lien on the attachment, and that no evidence *aliunde* the record on the intent of the plaintiff in taking the judgment he did is admissible. The sufficiency of the confession of judgment to authorize the taking of judgment without action is also raised, and on that ground the judgment as entered is contended to be void, and as such subject to collateral attack at the action of this plaintiff.

The proceedings in the action of Holbrook against Dahl, including the levy of the attachment and the sheriff's return thereon, are valid, and were taken in strict conformity to the statute. Thereby plaintiff obtained a quasi jurisdiction *in rem* against the property to be perfected by subsequent substituted or personal service upon the defendant Dahl. No question of good faith or necessity for the attachment is involved, the very transfer of property establishing the grounds upon which the attachment was issued; and the fact is unchallenged that the ancillary proceeding of attachment was necessary in fact to preserve Holbrook's rights of property. The record also discloses that the claim was but shortly past due, and that Holbrook was on the alert to protect his rights, a fact that would of itself negative any disputable presumption of fact, that he would willingly and knowingly abandon any rights procured by his pending attachment proceedings. If there is any presumption to be indulged in from the record it must be in favor of the regularity of proceedings, and the burden is upon him who would vitiate a prima facie valid judgment, regularly obtained, to establish the grounds of invalidity alleged, jurisdiction of person and subject-matter appearing from the record. The plaintiff Mott claims this

affirmatively appears from the failure of the order for judgment and judgment as entered on confession, to mention or identify any other papers than the confession of judgment, and that the judgment roll is limited to the confession order and judgment thereon. The question is one of fact as to what is the record upon which judgment was entered. This is self-evident from the necessity that a finding of fact must be made thereon decisive of the case. To determine this from a bare inspection of the files entitled in the action is impossible, unless it be resolved in Holbrook's favor. When the confession entitled the same as the other files in a pending action was two days later filed with the clerk, it was the equivalent of an appearance and authorization of judgment in that action by the party defendant therein, and upon which statement alone judgment could be ordered and entered as was done, and still constitute but a step taken in a pending action, instead of a basis for a judgment entered without action. It would be at least equally as arbitrary, therefore, to say that the judgment was one entered without action and upon a judgment roll, consisting of confession order and judgment only (§ 7844, Rev. Codes 1905), as, on the contrary, to assume from the record the judgment to be one entered in the pending action. It is certainly permissible under these circumstances to resort to those matters of common knowledge, known to all practitioners of law, as are apparent in this case from the record and as bear upon the issue of fact. The action had been begun, and complaint, affidavit, and undertaking, upon which the warrant of attachment had issued, had been filed two days prior to the date of confession. Plaintiff, having seen fit to use the remedy of attachment, and having the statutory period after the levy in which to serve the same, would naturally make the service of the warrant and make secure his levy upon the property in advance of a service of summons upon the defendant. Should he serve the defendant first, or give notoriety in advance of the levy or the issuance of the warrant, it would jeopardize the interests of his client by affording a dishonest debtor opportunity to at once dispose of her property, and defeat the collection of the debt, and render useless the attachment proceeding. The attorney for Holbrook, in levying under the warrant in advance of the service of the summons upon Dahl, was but fulfilling his duty to his client and following the usual procedure. To do this it was necessary that he send the papers to the

levying officer, the sheriff of a distant county, wherein the land was situated. And no return having been made by the sheriff on the levy until two weeks later, a natural presumption is that the papers were still with the sheriff of Pierce county on December 23d, when the defendant executed the confession of judgment. It does not appear from the papers filed who prepared that confession, but from the fact that it was verified before the attorney of record for Holbrook in the pending action and that such attorney filed the same, it is but a fair inference that he procured it from the defendant in the pending action to expedite judgment therein, as was permissible and legitimate, inasmuch as there would have been no question involved of priority, that having been determined as of the date of the attachment previously made, and as no conflicting claims to this land had yet appeared, the deed not having been filed for record until three days after the confession of judgment had been taken. But we are not limited to the presumption to be drawn from the record. If it be granted that the record is ambiguous, as it certainly must be so taken as to this question of fact unless the presumption be taken in favor of Holbrook on the record, there is no good reason why extrinsic testimony should not be received touching the same, and thus testimony of the plaintiff and his attorney as to how, and the circumstances under which, this confession was taken, remove all doubt in the matter, and establish the fact that they were taken and filed in the pending action, in which they were entitled, to hasten judgment and to save costs to Dahl as well. This is further strengthened by the probabilities arising from the nature of the claim sued on, it being a note on six days' time and given less than two weeks before the confession was executed, so that the confession itself is scarcely more of a recognition of the indebtedness than the note itself, amounting to but little more than the admission that it had not been paid, so that in giving this confession Dahl gave little that Holbrook did not then possess in the light of the fact, which presumably both parties to that action knew, that a lien had been secured by attachment. It is significant that no testimony by Dahl was offered to contradict any natural presumptions applying, or that she did not know of the pendency of the action at the time she gave the confession of judgment, although the testimony of Holbrook on this very subject had been taken on notice six months before for use at the trial at which it was offered, and the testi-

mony offered by Holbrook and his attorney, as recited heretofore in this opinion, is unequivocal and to the effect that "Mrs. Dahl offered to confess judgment to save further costs in the matter." The matter was the pending action. Her offer was accepted, the confession obtained as an appearance and waiver of defense and confession of judgment in the pending action. Holbrook, having agreed to save further costs to Dahl as a consideration for the confession of judgment, observed the stipulation to the letter, and entered but $8 costs, waiving other costs, including that of the attachment which both the record and the testimony show had not yet been returned. Holbrook immediately transcripts the judgment to Pierce county, as would be the usual practice on an execution sale, under § 7102, Rev. Codes 1905, providing that "when the execution is against the property of a judgment debtor, it may be issued to the sheriff of any county where the judgment is docketed. When it requires the delivery of real or personal property, it must be issued to the sheriff of the county where the property, or some part thereof, is situated. Executions may be issued at the same time to different counties. Real property adjudged to be sold must be sold in the county where it lies by the sheriff of such county or by a referee." As the property was held under the lien of attachment, that lien was to be enforced by execution sale. Section 7106. It was not necessary that the judgment refer to the attachment, nor specifically "direct a sale of the property in satisfaction thereof, as the law explicitly imposes that duty upon the attaching officer." Iowa State Sav. Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453, a decision on statutes identical with ours. "The inchoate lien created by the levy of the attachment for the satisfaction of the particular debt becomes perfected when the debt is merged into a judgment for the plaintiff. When a judgment is obtained *which is a lien upon the attached property* the attachment lien becomes merged into the judgment lien, and the latter relates back to the levy of the attachment, and is superior to all liens created or transfers made subsequent to the levy. And when a sale is made upon an execution issued upon the plaintiff's judgment in the attachment suit, such title as the defendant had at the time of the levy passes to the purchaser unaffected by any conveyance or encumbrance made subsequent to the levy. After the judgment is obtained, it is the judgment lien, and not the attachment lien, which must be enforced; for the latter has

become merged into the former, and has no further existence except
to preserve the priority by it acquired, which must be enforced under the
judgment by virtue of an execution issued thereon." Shinn, Attachm.
§ 323. Attention may be called to the fact that the return on the at-
tachment was not filed until January 7th, or two weeks after the entry
of judgment. This is not important, the levy being unquestionably
made before the entry of judgment, the lien itself having been regularly
perfected as of the date of the filing of the notice of the lien against the
land in the register of deed's office. Every step of the attachment law
was fulfilled to the letter, including the provision of § 6947, that "the
sheriff shall within twenty days after making such seizure file such
inventory and a return of his doings upon such attachment with the
clerk of the district court who issued the warrant." The entry of
judgment did not merge the lien previously obtained by attachment in
the judgment, but the lien remained extant, notice of which was given
by the notice of levy, of record in the register of deed's office of Pierce
county, and record proof of which was made by the return on the writ
filed January 7th. The attachment lien must live irrespective of the
judgment, because the judgment entered in Ramsey county could not,
even after a return of levy of the attachment filed in that county, of it-
self amount to a judgment lien when the land is located in a distant
county from that in which the judgment is entered. Hence the ne-
cessity of transcripting the judgment to Pierce county to enable the
lien there held by attachment to merge in the judgment as there tran-
scripted. This is the importance of the italicized portion from the
above quotation from Shinn on Attachments § 323, that it is only "when
a judgment is obtained *which is a lien upon the attached property,*" that
"the attachment lien becomes merged into the judgment lien." On
these propositions, see the new and valuable work, Ruling Case Law,
vol. 2, p. 842, from which we quote: "Where there is no peculiar stat-
ute to the contrary, the failure of the officer to make return on or before
the return day will not affect the lien of the plaintiff under the attach-
ment;" citing Hogue v. Corbit, 156 Ill. 540, 47 Am. St. Rep. 232, 41
N. W. 219; Riordan v. Britton, 69 Tex. 198, 5 Am. St. Rep. 37, 7 S. W.
50. And again from the same work, page 856: "The rule is where
there is no peculiar statute to the contrary, that the failure of an officer
to make a return on or before the return day will not affect the lien of

an attachment that was duly levied, and the validity or continuation of an attachment lien is not dependent upon the entry of the judgment in the judgment lien docket;" citing Katz v. Obenchain, 48 Or. 352, 120 Am. St. Rep. 821, 85 Pac. 617; Hogue v. Corbit, supra; Ritter v. Scannell, 11 Cal. 238, 70 Am. Dec. 775 and note. See also § 6948, Rev. Codes 1905, expressly providing that the "lien of the attachment shall be effectual from the time when a levy is made."

From the date of the levy by force of our recording statute, § 5038, as against this perfected lien by attachment, the subsequently recorded deed by Rother is void. As to such deed Holbrook, holding the lien by attachment, is regarded as a prior "purchaser in good faith and for a valuable consideration." Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 523, 123 N. W. 390, and a same entitled case in 21 N. D. 25, 129 N. W. 1024. Under the statute and the holdings of this court, this attaching creditor is a purchaser in good faith as of the date of the attachment. Hence the equities are with, not against, such attaching creditor under the express terms of the statute. It might be otherwise in the absence of the statute, "An attachment lien on land is subject to every equity which exists against the debtor at the time of the levy, and courts of equity will so limit it. However, where a statute declares a previous transfer of title void as to creditors of the transferrer, there is an exception to this rule. The exception is, of course, founded upon the theory that, as the law makes the transfer void as to the creditor, there is as to him no transfer at all, and the title to the property for his benefit remains in the debtor, notwithstanding a previous legal transfer good as against all others;" 2 R. C. L. 857; citing National Bank v. Western P. R. Co. 157 Cal. 573, 27 L.R.A.(N.S.) 987, 108 Pac. 676, 21 Ann. Cas. 1391; Westervelt v. Hagge, 61 Neb. 647, 54 L.R.A. 333, 85 N. W. 852.

Cases may be found apparently holding contrary to our conclusions until facts and procedure are considered, such as Hall v. Walbridge, 2 Aik. (Vt.) 215; Murray v. Eldridge, 2 Vt. 388; Gilbert v. Gilbert, 33 Mo. App. 259, and similar holdings. The Vermont decisions are based upon an intentional and express discontinuation of the attachment for the purpose of expediting judgment to procure an advantage over another attaching creditor, and the Missouri case likewise is one between attaching creditors. The law applicable to conflicting attachment credi-

tors, or of fraudulent or preferred attachment, is not involved in this decision.

There is no evidence to support the conclusions of the trial court that the attachment action was discontinued and that judgment was taken in a separate proceeding. Both evidence and presumptions are all to the contrary. The many cases cited by respondent are not in point. For reasons above given, the lien by attachment perfected in strict accord with the statutes is valid. It is not lost by failure to earlier enforce it, as either this plaintiff or his grantors have ever since about a month after its perfection assailed the same by some action pending. This defendant was not obliged to sell under the attachment, and in the face of the attack upon it, as he had the right to await final determination of the validity of his attachment lien before taking further steps to enforce such lien.

The judgment appealed from is therefore reversed, and the District Court will enter judgment in conformity herewith to the effect that said lien by attachment is valid, and the rights of the attaching creditor thereunder are superior to any rights of the plaintiff Mott, who holds title subject to the amount of said lien and judgment under which the same is claimed. Defendant will recover costs and disbursements allowable on trial and on this appeal.